FILED
15-0129
6/24/2015 6:27:15 PM
tex-5814746
SUPREME COURT OF TEXAS
BLAKE A. HAWTHORNE, CLERK

# NO. 15-0129

_____

IN THE SUPREME COURT OF TEXAS

_____

KARL-THOMAS MUSSELMAN D/B/A BURNT ORANGE REPORT AND KATHERINE HAENSCHEN,

*PETITIONERS*,

**v.**

BALTASAR D. CRUZ,

*RESPONDENT*.

On Appeal from the Fifth District
Court of Appeals at Dallas, Texas
No. 05-13-00191-CV

## PETITION FOR REVIEW

Charles L. Babcock
Texas State Bar No. 01479500
**JACKSON WALKER L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
E-mail: cbabcock@jw.com

June 25, 2015                    *Lead Attorney for Petitioners*

- i -

## IDENTITY OF PARTIES & COUNSEL

Pursuant to Texas Rule of Appellate Procedure 53.2(a), the following is a list of all parties to the trial court's final judgment, and the names and addresses of all trial and appellate counsel:

1.      Petitioners in this Court (Defendants in the trial court, and sometimes referred to herein as "Petitioner" or the "BOR Parties") and counsel:

**Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen**
*represented by:*

Charles L. Babcock
State Bar No. 01479500
Nancy W. Hamilton
State Bar No. 11587925
Jackson Walker L.L.P.
1401 McKinney St. Suite 1900
Houston, Texas  77010
(713) 752-4200
(713) 752-4221 (fax)
cbabcock@jw.com
nhamilton@jw.com
awelter@jw.com

2.      Respondent in this Court (Plaintiff in the trial court, and sometimes referred to herein as "Respondent" or "Cruz") and counsel:

**Baltasar D. Cruz**
*pro se:*

Baltasar D. Cruz
Texas Bar No. 05196150
P.O. Box 600823
Dallas, Texas 75360
Telephone:  (214) 369-9058
Telecopier:  (732) 875-0792
BaltasarDCruz@aol.com

3.     Defendant in the trial court, and sometimes referred to herein as "Van Sickle" and counsel:

**James Van Sickle**
*represented by:*

Melissa J. Bellan
Attorney at Law
State Bar No. 24040506
P.O. Box 570708
Dallas, Texas 75357
Telephone:  (469) 601-8870
Facsimile:  (214) 279-5846
E-mail: bellanlaw@gmail.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES & COUNSEL ................................................................. ii

STATEMENT OF THE CASE ............................................................................. 1

STATEMENT OF JURISDICTION ..................................................................... 2

ISSUE PRESENTED ............................................................................................ 2

STATEMENT OF FACTS ................................................................................... 3

SUMMARY OF ARGUMENT ........................................................................... 6

ARGUMENT AND AUTHORITIES ................................................................... 7

I.      The Court of Appeals Erred in Construing Section 27.009(a)(1) of the TCPA to Prohibit an Attorney's Fees Award to Defendants Represented on a Pro Bono Basis. ...................................................... 7

      A.      The Court of Appeals Erred in Failing to Properly Apply the Last Antecedent Rule to Section 27.009(a)(1). .................................... 8

      B.      The Court of Appeals' Construction of Section 27.009(a)(1) Leads to Absurd Results. ..................................................................... 11

      C.      The Court of Appeals Erred Because "Justice and Equity" Supports an Award of Attorney's Fees to Petitioners. ........................ 14

II.     This Case Involves an Important Question that Should Be, But Has Not Been, Resolved by this Court, and the Court of Appeals' Error Should be Corrected. ................................................................... 16

CONCLUSION AND PRAYER ......................................................................... 17

CERTIFICATE OF COMPLIANCE .................................................................. 19

CERTIFICATE OF SERVICE ........................................................................... 19

APPENDIX ....................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

## FEDERAL CASES

*Copeland v. Marshall*, 641 F.2d 880 (D.C. Cir. 1980) (en banc)............................14

*Cornella v. Schweiker*, 728 F.2d 978 (8th Cir. 1984)..............................................15

*Oldham v. Ehrlich*, 617 F.2d 163 (8th Cir. 1980)....................................................15

*Watford v. Heckler*, 765 F.2d 1562 (11th Cir. 1985)..............................................14

## TEXAS CASES

*Aviles v. Aguirre*, 292 S.W.3d 648 (Tex. 2009).......................................................10

*Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*,
    402 S.W.3d 299 (Tex App.—Dallas, 2013, pet. denied)...................................16

*Brown v. Comm'n for Lawyer Discipline*,
    980 S.W.2d 675 (Tex. App.—San Antonio 1998, no pet.) ...............................13

*City of Dallas v. Stewart*,
    361 S.W.3d 562 (Tex. 2012) ..............................................................................8

*Cruz v. Van Sickle*,
    452 S.W.3d 503 (Tex. App.—Dallas 2014, pet. filed).......................................1

*DLB Architects, P.C. v. Weaver*,
    305 S.W.3d 407 (Tex. App.—Dallas 2010, pet. denied)....................................9

*Garcia v. Gomez*,
    319 S.W.3d 638 (Tex. 2010) ............................................................................10

*Jackson v. State Office of Admin. Hearings*,
    351 S.W.3d 290 (Tex. 2011) ............................................................................10

*Prairie View A & M Univ. v. Chatha*,
    381 S.W.3d 500 (Tex. 2012) ............................................................................11

*Texas West Oaks Hosp. v. Williams*,
    371 S.W.3d 171 (Tex. 2012) ..............................................................................8

*Union Carbide Corp. v. Synatzske,*
438 S.W.3d 39 (Tex. 2014)..............................................................................11

*Univ. of Texas Sw. Med. Ctr. at Dallas v. Loutzenhiser,*
140 S.W.3d 351 (Tex. 2004) ............................................................................11

**FEDERAL STATUTES**

42 U.S.C. § 1988 ................................................................................................15

47 U.S.C. § 230 ....................................................................................................4

**OTHER STATUTES**

Tex. Civ. Prac. & Rem. Code §§ 27.001–27.011 ................................................1

Tex. Civ. Prac. & Rem. Code § 27.002 .........................................................7, 16

Tex. Civ. Prac. & Rem. Code § 27.009(a)(1) ................... 2, 6, 7, 8, 9, 10, 11, 12, 16

Tex. Civ. Prac. & Rem. Code § 27.009(b)...............................................9, 11, 12

Tex. Civ. Prac. & Rem. Code § 74.001(a)(13) ....................................................8

Tex. Civ. Prac. & Rem. Code § 74.351(b)..........................................................10

Tex. Gov't. Code § 22.001(a)(3) ..........................................................................2

Tex. Gov't Code § 22.001(a)(6) ...........................................................................2

Tex. Gov't Code § 311.011(a) ..............................................................................8

Tex. Gov't Code § 311.034.................................................................................11

Texas Local Gov't Code § 214.001(a)(1)..............................................................9

**RULES**

Tex. R. App. P. 53.7(c) .........................................................................................2

Tex. R. App. P. 56.1............................................................................................15

Tex. R. Disciplinary P. 106 ................................................................................14

# RECORD REFERENCES

References to the Clerk's Record and Reporter's Record in this Brief are to page numbers. Clerk's Record references for Appellate Case No. 05-13-00191-CV are abbreviated by page number as "(CR 1:___)." Clerk's Supplemental Record references for Appellate Case No. 05-13-00191-CV are abbreviated by page number as "(CSR 1:___)." Clerk's Record references for Appellate Case No. 05-13-00561-CV are abbreviated by page number as "(CR 2:___)."

Reporter's Record references are abbreviated by page number as "(RR Vol. __ at ____)." Supplemental Reporter's Record references are abbreviated by page number as "(SRR Vol. __ at ____)."

Appendix references are abbreviated by tab as "(APP ____ at ___)." The following tabs are included in the Appendix:

A. Dallas County District Court's Order Granting Defendants Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen's Attorneys' Fees Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (Mar. 22, 2013)

B. Dallas County District Court's Order Granting Defendants James Van Sickle, Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen's Motions to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (Dec. 10, 2012)

C. The Court of Appeals' Opinion

D. The text of Tex. Civ. Prac. & Rem. Code § 27.009.

## STATEMENT OF THE CASE

*Nature of the Case*: Cruz sued Petitioners and Van Sickle, alleging libel. (CR 1:9-11). Petitioners and Van Sickle filed separate motion to dismiss pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code, known as the "Texas Citizens Participation Act" ("TCPA" or "Chapter 27").[1] (CR 1:79, 111, 193). Petitioners and Van Sickle also sought attorney's fees under the TCPA. (CR 1:89, 120, 360).

*Trial Court*: The Honorable Jim Jordan, 160th Judicial District Court of Dallas County, Texas.

*Trial Court's Disposition*: The trial court granted Petitioners' and Van Sickle's Motion to Dismiss under the TCPA (APP B; CR 1:258), and awarded Petitioners and Van Sickle attorney's fees under the TCPA. (APP A; CR 2:126-27).

Parties *in the Court of Appeals:* Cruz was the Appellant in the Court of Appeals and Van Sickle and the BOR Parties were Appellees.

*Court of Appeals*: Fifth District (Dallas) Court of Appeals; panel consisting of the Honorable David Evans (author of the court of appeals' opinion), David Bridges, and Douglas Lang.

*Citation*: *Cruz v. Van Sickle*, 452 S.W.3d 503 (Tex. App.—Dallas 2014, pet. filed).

*Court of Appeals' Disposition*: Affirmed in part and reversed and rendered in part. The court of appeals affirmed the grant of Petitioners' and Van Sickle's Motions to Dismiss under the TCPA and affirmed the award of attorney's fees to Van Sickle, but reversed the award of attorney's fees to Petitioners. (APP C at 31). The Court of Appeals denied Cruz's

---

[1] When referring to "TCPA" or "Chapter 27," this brief refers to Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–27.011 (2011) unless otherwise stated, and not the amended 2013 version because the amendments were not applied retroactively.

motion for rehearing and Cruz's two motions for en banc reconsideration.

*Proceedings in this Court:* On May 26, 2015 Cruz filed a Petition For Review in this Court. The BOR Parties have filed this Petition in compliance with Rule 53.7(c), Texas Rules of Appellate Procedure.

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to Texas Government Code Section 22.001(a)(3) because this case involves the construction of a statute – namely, Section 27.009(a)(1) of the TCPA – necessary to a determination of the case. Additionally, this Court has jurisdiction pursuant to Texas Government Code Section 22.001(a)(6) because the court of appeals committed an error of law in holding that defendants, who are represented pro bono, may not recover attorney's fees under the TCPA after getting a case dismissed under the TCPA. The error of law is of such importance to the jurisprudence of this State that it requires correction.

## ISSUE PRESENTED

Did the court of appeals err in holding that the legislature intended to preclude prevailing parties represented pro bono from recovering attorney's fees under Texas Civil Practice and Remedies Code Section 27.009(a)?

## STATEMENT OF FACTS

The court of appeals correctly stated the nature of the case. Cruz is "an attorney practicing law in the state of Texas . . . ." (CR 1:70 at ¶ 4.2). At the time of the claimed libel, Cruz "was a candidate for judge of the 162nd Judicial District Court in the 2012 Dallas County Democratic Party Primary . . . ." (*Id.*).

Petitioner Musselman owns the Burnt Orange Report ("BOR"), a Texas political blog. (CR 1:112 and 128 at ¶ 2). The express purpose of the BOR is to enable general members of the community who are involved or interested in politics to speak freely and address their concerns. (CR 1:117 and 128 at ¶ 2). The BOR's blog community includes institutional leaders, political consultants, elected officials, lobbyists, and concerned citizens, who may write in its journals and make comments. (CR 1:128-29 at ¶¶ 2-3). Through its website, the BOR functions as an "interactive computer service." (CR 1:119). Petitioner Haenshen is editor of the BOR (*Id.* and CR 1:133 at ¶ 2) for BOR staff written articles. She did not edit the complained of post. (CR 1:134 at ¶ 4).

Cruz sued Petitioners and Van Sickle for alleged libel based on one part of a sentence in a September 6, 2011 internet post ("Internet Post"), written and posted by Van Sickle on BOR. (CR 1:10 at ¶ 4.1, CR 1:70 at ¶ 4.1, CR 1:189 at ¶ 4.1, CR 1:96). The post was written by Van Sickle who "is not and has never been a BOR internal staff writer" nor is he an employee, agent, servant or independent

contractor of the BOR. (CR 1:129 at ¶ 4). Instead, Van Sickle is a general community member of the blog, and anyone who has access to the internet can become a BOR community member. (*Id.*). The Internet Post outlined upcoming "hot races" in Dallas County and briefly discussed each candidate. (CR 1:95-99). The Internet Post said about Cruz:

> Baltasar Cruz: Baltasar Cruz is another primary candidate from 2010 who attempted to knock out former State Representative Dale Tillery who is now District Judge of the 134th Judicial District. <u>Baltasar</u> also has the distinction of being <u>thrown out</u> three times, finally <u>by the police, of an Elizabeth Edwards book signing</u> event <u>in Dallas several years ago</u>."

(CR 1:96) (emphasis added). Cruz complained only of the underlined language. (CR 1:70 at ¶ 4.1, CR 1:189 at ¶ 4.1).

Petitioners and Van Sickle filed separate Motions to Dismiss under the TCPA, arguing that Cruz's suit was based on their exercise of free speech and that Cruz failed to meet his burden of establishing a prima facie case by clear and specific evidence.[2] (CR 1:79, 111, 193). Petitioners and Van Sickle also sought attorney's fees under the TCPA. (CR 1:89 at ¶ 4.1, CR 1:120 at ¶¶ 20-21, CR 1:360). The trial court granted Petitioners' and Van Sickle's Motions to Dismiss under the TCPA, also ruling that Petitioners and Van Sickle were entitled to attorneys' fees and sanctions and set a hearing to determine the amount. (APP B;

---

[2] Petitioners also argued that they had no liability for publishing the article pursuant to section 230 of the Communications Decency Act. *See* 47 U.S.C. § 230.

CR 1:258-59).  Cruz appealed the Order.  (CR 1:471).  The trial court conducted hearings on January 9, 2013 (RR Vol. 4), January 31 (RR Vol. 5), and March 14 (SRR Vol. 1) and – in its Order dated March 22, 2013 – ultimately determined an amount to be awarded as attorneys' fees but denied any monetary sanctions.  (APP A; CR 2:126-27).  Cruz filed a second appeal, this time from the March 22, 2013 Order.  (CR 2:247).  The two appeals were consolidated.[3]

On appeal, Cruz argued, among other things, that the trial court erred in granting Petitioners' and Van Sickles' Motions to Dismiss under the TCPA and in awarding attorney's fees under the TCPA to Petitioners and Van Sickles.  (APP C at 1-2).

The Court of Appeals affirmed the dismissals of Petitioners and Van Sickle under the TCPA, affirmed the award of attorney's fees to Van Sickle, but reversed the award of attorney's fees to Petitioners.  (APP C at 30-31).  The Court of Appeals reasoned that because Petitioners were represented pro bono, they did not "incur" any attorney's fees within the meaning of Section 27.009(a) of the TCPA.  (*Id.* at 25).

---

[3]  *See*  June  27,  2013,  5th  Court  of  Appeals'  Order,  *available  at* http://www.search.txcourts.gov/SearchMedia.aspx?MediaVersionID=362d3822-494b-4949-9485-0e89ece1246c&coa=coa05&DT=Order&MediaID=58843537-ffeb-4f64-afb0-10da4c2b6aca.

## SUMMARY OF ARGUMENT

The court of appeals erred in construing Section 27.009(a)(1) of the TCPA to bar a defendant from recovering attorney's fees merely if that defendant is represented on a pro bono basis, where the defendant succeeds in getting a case dismissed under the TCPA. Section 27.009(a)(1) of the TCPA provides that if the trial court dismisses an action under the TCPA, "the court shall award to the moving party . . . court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require . . ." In holding that the word "incurred" requires the defendant to be legally obligated to pay the attorney's fees (thus excluding pro bono defendants), the court of appeals misapplied fundamental principles of statutory construction, including the last antecedent rule and absurdity doctrine. Under the last antecedent rule, the word "incurred" should be applied only to the portion of the sentence immediately preceding it, in this case "expenses," not "attorney's fees." Further, the court of appeals' construction would lead to an absurd result – namely, a pro bono *plaintiff* could recover attorney's fees in certain circumstances whereas a pro bono defendant could not. A much more reasonable construction of Section 27.009(a)(1) is that "incurred" only modifies "other expenses." The court of appeals' conclusion is also inconsistent with the rest of the TCPA.

If not corrected by this Court, the court of appeals' opinion will call into question well-established principles of statutory construction and run directly contrary to both the text and purpose of the TCPA thereby frustrating the will of the legislature "to encourage and safeguard the constitutional rights of persons to . . . speak freely . . . and otherwise participate in government to the maximum extent permitted by law (Section 27.002) and to construe the statute "liberally to effectuate its purpose and intent fully (Section 27.011(b))." Accordingly, the Court should grant this Petition, reverse that portion of the court of appeals' opinion holding that Petitioners were not entitled to recover attorney's fees, and reinstate the trial court's judgment awarding $158,521.50 in attorney's fees to Petitioners.

## ARGUMENT AND AUTHORITIES

**I. THE COURT OF APPEALS ERRED IN CONSTRUING SECTION 27.009(A)(1) OF THE TCPA TO PROHIBIT AN ATTORNEY'S FEES AWARD TO DEFENDANTS REPRESENTED ON A PRO BONO BASIS.**

The court of appeals erred in construing Section 27.009(a)(1) of the TCPA to prohibit an attorney's fees award to a defendant merely because the defendant is represented on a pro bono basis. Section 27.009(a)(1) of the TCPA provides that "[i]f the court orders dismissal of a legal action under this chapter, the court shall award to the moving party: (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may

- 7 -

require . . . ." Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1). In holding that Section 27.009(a)(1) prohibits an attorney's fees award to a defendant if the defendant is represented on a pro bono basis, the court of appeals relied on "incurred" within Section 27.009(a)(1). The court of appeals' approach undermines several principles of statutory construction.

### A. The Court of Appeals Erred in Failing to Properly Apply the Last Antecedent Rule to Section 27.009(a)(1).

First, the court of appeals erred in construing Section 27.009(a)(1) of the TCPA because under the last antecedent rule, the word "incurred" should be applied only to the words immediately before it, "other expenses." When interpreting a statute, a court reads words and phrases "in context and construed according to the rules of grammar and common usage." Tex. Gov't Code Ann. § 311.011(a). This Court has directed that when "[s]crutinizing grammar in interpreting statutes, we are cognizant of the rule that modifiers should come, if possible, next to the words they modify." *Texas West Oaks Hosp. v. Williams*, 371 S.W.3d 171, 184 (Tex. 2012) (*quoting* William Strunk, Jr. & E.B. White, *The Elements of Style R. 30* (4th ed. 2000)). "Under that tenet, a qualifying phrase should be applied only to the portion of the sentence immediately preceding it."

*Id.* at 185 (quoting *City of Dallas v. Stewart*, 361 S.W.3d 562, 571 n. 14 (Tex. 2012)).[4]

Here, Section 27.009(a)(1) of the TCPA states: "the court shall award to the moving party: (1) court costs, reasonable attorney's fees, and *other expenses incurred* in defending against the legal action as justice and equity may require." (emphasis added). Applying the last antecedent rule to the statute establishes that that the word "incurred" should be applied only to the word immediately before it, "expenses."

A comparison of the language in subsections (a)(1) and (b) of Section 27.009 of the TCPA confirms that the Legislature intended that the word "incurred" only apply to "expenses." Subsection (b) states: "[i]f the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party." Tex. Civ. Prac. & Rem. Code Ann. § 27.009(b). The fact that subsection (a)(1) uses "court costs, reasonable attorney's fees, and *other expenses*

---

[4] *See also Williams*, 371 S.W.3d at 184 (applying the last antecedent rule to Section 74.001(a)(13) of the Texas Civil Practice and Remedies Code, which states in part: "claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant" and finding that the phrase "directly related to health care" only modified "professional or administrative services"); *Stewart*, 361 S.W.3d at 571 n. 14 (applying the rule to Texas Local Government Code Section 214.001(a)(1), which states that cities are permitted to demolish buildings that are "dilapidated, substandard, or unfit for human habitation and a hazard to the public health, safety, and welfare" and finding that the phrase "hazard to the public health, safety, and welfare" did not apply to the word "dilapidated or substandard").

*incurred*" and subsection (b) uses "court costs and reasonable attorney's fees" and omits any reference to the words "expenses" and "incurred" clearly indicates that "incurred" does not modify "attorney's fees" in subsection (a)(1). *See, e.g., DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 409 (Tex. App.—Dallas 2010, pet. denied) ("Every word of a statute must be presumed to have been used for a purpose, and every word excluded from a statute must also be presumed to be excluded for a purpose.").

The court of appeals misapplied *Garcia v. Gomez*, 319 S.W.3d 638 (Tex. 2010) in holding that "incurred" within the meaning of Section 27.009(a)(1) of the TCPA means that Petitioners cannot recover attorney's fees if they were represented pro bono. The *Garcia* case involved a different statute and a different issue; that is, the interpretation of the attorneys' fees provision of the Texas Medical Liability Act ("TMLA"), section 74.351(b) of the Texas Civil Practice & Remedies Code.[5] The court in *Garcia* defined the word "incurred" to mean "[a] fee is incurred when one becomes liable for it." *Garcia*, 319 S.W.3d at 642 (citation omitted). Assuming arguendo that "incurred" applies directly to Petitioners, the definition does not state that the one "liable for it" must also "pay for it." Nowhere did this Court in *Garcia* mandate that the party in that case must

_____

[5] The court of appeals also cited *Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290 (Tex. 2011). (APP C at 25). However, the *Jackson* opinion is similarly distinguishable because the Court in that case was addressing another statute – namely, the Texas Public Information Act.

also personally pay for it. In fact, this Court in *Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009) construed the same statute in *Garcia* and found that the statute did not require the physician to personally pay the fees when in reality the insurance carrier paid for them. Accordingly, even if "incurred" applies to attorney's fees under the TCPA, Petitioners are nevertheless entitled to an award of such fees. But in any event, the court of appeals erred because under the last antecedent rule, the word "incurred" should be applied only to the words immediately before it, "other expenses."

**B.** **The Court of Appeals' Construction of Section 27.009(a)(1) Leads to Absurd Results.**

The court of appeals' construction of Section 27.009(a)(1) also leads to the absurd result of allowing an award of attorney's fees to pro bono parties in only certain circumstances – namely, when they are "the responding party" pursuant to Section 27.009(b) but not the moving party under Section 27.009(a)(1). This Court construes "a statute's words according to their plain and common meaning unless they are statutorily defined otherwise, a different meaning is apparent from the context, or unless such a construction leads to absurd results." *See Union Carbide Corp. v. Synatzske*, 438 S.W.3d 39, 52 (Tex. 2014) (refusing to construe statute in manner that would lead to absurd result); *see also Univ. of Texas Sw. Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 356-57 (Tex. 2004), *superseded by statute on other grounds*, Tex. Gov't Code Ann. § 311.034, *as recognized in*

- 11 -

*Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500 (Tex. 2012) (declining to construe statute in a way that would lead to an absurd result since there was a "reasonable alternative construction of the statutory language").

Here, to construe Section 27.009(a)(1) of the TCPA as prohibiting pro bono defendants from recovering attorney's fees would lead to an absurd result and would disregard the surrounding statutory language. Section 27.009(b), which applies to the party responding to a motion to dismiss under the TCPA, states that "[i]f the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party." Tex. Civ. Prac. & Rem. Code Ann. § 27.009(b). If the court of appeals were correct that Section 27.009(a)(1) prohibits a pro bono defendant from recovering attorney's fees because Section 27.009(a)(1) – unlike Section 27.009(b) – includes the word "incurred," it would lead to the absurd result that a pro bono plaintiff may recover fees but a pro bono defendant may not. Indeed, the removal of "incurred" from Section 27.009(b) cannot be viewed in isolation. ***The legislature also removed "other expenses" from Section 27.009(b)***. Thus, a much more reasonable construction is that "incurred" is meant to modify "other expenses" because the Legislature removed both "incurred" and "other expenses" from Section 27.009(b). Such a reasonable construction avoids the absurd result that a party may recover attorney's fees if it is represented on a pro

- 12 -

bono basis only if it is the party responding to a motion to dismiss. The TCPA does not distinguish between those citizens that are represented for free as opposed to those who pay for their representation. Neither should this Court when determining whether attorneys' fees were properly awarded as mandated by the statute.

The court of appeals attempted to justify its conclusion by stating that the Legislature chose to treat movants and respondents differently regarding the recovery of attorney's fees, and cited as an example that a respondent may only recover attorney's fees if the motion was frivolous or solely intended to delay. (APP C at 27). But Petitioners have never argued that the requirement that a motion must be frivolous or solely intended to delay applied to anyone other than the party responding to the motion. Indeed, it makes perfect sense to require that a motion must be frivolous or solely intended to delay in order for the responding party to obtain attorney's fees. What does *not* make sense is to distinguish between pro bono parties merely based on whether they are the respondent or the movant. Accordingly, the court of appeals erred because its construction leads to absurd results, and a much more reasonable construction avoids these results.

**C.    The Court of Appeals Erred Because "Justice and Equity" Supports an Award of Attorney's Fees to Petitioners.**

Additionally, the court of appeals erred because the presence of "justice and equity" supports the trial court's award of attorney's fees on public policy grounds under Chapter 27 of the Texas Civil Practice and Remedies Code.

In *Brown v. Comm'n for Lawyer Discipline*, 980 S.W.2d 675 (Tex. App.—San Antonio 1998, no pet.), the lawyer-appellant argued, among other things, that the Commission for Lawyer Discipline was not entitled to recover an award of pro bono attorneys' fees because the fees were only authorized if the Commission "incurred" or was contractually liable for such fees. *Id.* at 683. In that case, Rule 106 of the Texas Rule of Disciplinary Procedure governed the recovery of fees. *Id.* Even though the rule did not state that fees had to be "contracted-for" or "incurred," the court of appeals turned to federal court decisions for further guidance. *Id.* at 684. In particular, the court of appeals noted that federal courts had repeatedly allowed attorneys working pro bono to recover their fees under the Equal Access to Justice Act ("EAJA") for reasons of public policy, "even though the EAJA expressly authorizes a prevailing party to receive an award for attorney fees that have been '***incurred***.'" *Id.* (emphasis added). Accordingly, the court of appeals found that for similar reasons of public policy, the Commission was entitled to the recovery of fees because the governing rule

described the award as a "sanction" and that the recovery of fees would encourage pro bono services to the Bar. *Id.*

Indeed, under the federal statute, "it is well-settled that, in light of the act's legislative history and for reasons of public policy, plaintiffs who are represented without charge are not generally precluded from an award of attorneys' fees under the EAJA." *Watford v. Heckler*, 765 F.2d 1562, 1567 n. 6 (11th Cir. 1985); *see Copeland v. Marshall*, 641 F.2d 880, 900 (D.C. Cir. 1980) (en banc) (there is "nothing inconsistent in prosecuting a case in the public interest, agreeing not to charge one's *own* client a fee, and thereafter seeking fees' from the losing *defendant*.")(emphasis in original); *see Cornella v. Schweiker*, 728 F.2d 978, 985-87 (8th Cir. 1984)(same). Further, federal courts have continually allowed for the recovery of attorneys' fees to prevailing parties represented by legal aid organizations or pro bono under other federal statutes. *See Oldham v. Ehrlich*, 617 F.2d 163, 168-169 (8th Cir. 1980) (42 U.S.C. § 1988). In that case, the Eighth Circuit Court of Appeals found the basic purpose of 42 U.S.C. § 1988 was "to encourage enforcement and observance of civil rights. . . ." *Id.* at 168. Thus, "whether the focus is on enabling suit by those otherwise unable to afford litigation, or on deterring misconduct by imposing a monetary burden upon the wrongdoer, a legal aid organization merits an attorney's fee fully as much as does the private attorney." *Id.* at 169. Thus, the "justice and equity" clause fully

authorizes and supports the trial court's award of pro bono fees on public policy grounds under Chapter 27.

## II. THIS CASE INVOLVES AN IMPORTANT QUESTION THAT SHOULD BE, BUT HAS NOT BEEN, RESOLVED BY THIS COURT, AND THE COURT OF APPEALS' ERROR SHOULD BE CORRECTED.

This Court should grant review because "the court of appeals has decided an important question of state law that should be, but has not been, resolved by the Supreme Court." Tex. R. App. P. 56.1. This Court has never addressed whether Section 27.009(a)(1) of the Texas Civil Practice & Remedies Code prohibits a defendant from recovering attorney's fees merely because the defendant is represented on a pro bono basis. The importance of this issue cannot be understated because many defendants who seek to have a case dismissed under the TCPA will be represented on a pro bono basis. The rise of citizen journalism in recent years means that more and more citizen journalists will be subjected to suits aimed at deterring constitutional free speech rights – suits just like Cruz's suit against Petitioners, who are represented on a pro bono basis.

The purpose of the TCPA is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.*,

402 S.W.3d 299, 305 (Tex App.—Dallas, 2013, pet. denied); Tex. Civ. Prac. & Rem. Code Ann. § 27.002. This purpose is severely undermined if the court of appeals' construction of the TCPA is allowed to stand and defendants are punished merely for being unable to afford representation, despite succeeding on their motion to dismiss under the TCPA. Because this case involves an important question of statutory construction that should be, but has not been, resolved by this Court, and given the importance of the rights at stake, the Court should grant review.

## CONCLUSION AND PRAYER

Petitioners Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen request that the Court grant their Petition for Review, reverse that portion of the court of appeals' order reversing an award of attorney's fees to Petitioners, and render judgment for Petitioners that they may recover attorney's fees from Cruz in the amount of $158,521.50 or, in the alternative, to remand in accordance with its decision herein. Petitioners further pray to the Court for all relief, at law or in equity, to which they may show themselves justly entitled.

- 17 -

Respectfully submitted,


*/s/ Charles L. Babcock*

Charles L. Babcock
State Bar No. 01479500
cbabcock@jw.com
Nancy W. Hamilton
State Bar No. 11587925
E-mail: nhamilton@jw.com
Jackson Walker L.L.P.
1401 McKinney St. Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 (fax)

**ATTORNEYS FOR PETITIONERS KARL-THOMAS MUSSELMAN d/b/a BURNT ORANGE REPORT AND KATHERINE HAENSCHEN**

## CERTIFICATE OF COMPLIANCE

I hereby certify that the number of words in this Petition for Review is 4,110, according to the word count of the computer program used to prepare this document. This is within the 4,500 word limit in Tex. R. App. P. 9.4(i)(2)(D).

*/s/ Charles L. Babcock*
Charles L. Babcock

## CERTIFICATE OF SERVICE

I hereby certify that, on the 24th day of June, 2015, a true and correct copy of the foregoing was served on all counsel of record listed below in accordance with Rule 9.5(c) of the Texas Rules of Appellate Procedure:

**Plaintiff Pro Se**
Baltasar D. Cruz
Texas Bar No. 05196150
P.O. Box 600823
Dallas, Texas 75360
Telephone: (214) 369-9058
Telecopier: (732) 875-0792
Email: BaltasarDCruz@aol.com

**Counsel for Defendant James Van Sickle**
Melissa J. Bellan
State Bar No. 24040506
P.O. Box 570708
Dallas, Texas 75357
Telephone: (469) 601-8870
Facsimile: (214) 279-5846
E-mail: bellanlaw@gmail.com

*/s/ Charles L. Babcock*
Charles L. Babcock

**APPENDIX**

A.   Dallas County District Court's Order Granting Defendants Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen's Attorneys' Fees Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (Mar. 22, 2013)

B.   Dallas County District Court's Order Granting Defendants James Van Sickle, Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen's Motions to Dismiss Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code (Dec. 10, 2012)

C.   The Court of Appeals' Opinion

D.   The text of Tex. Civ. Prac. & Rem. Code § 27.009.

- 20 -

13598317v.4

# **TAB A**

CAUSE NO. 12-09275

| | | |
|---|---|---|
| BALTASAR D. CRUZ, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | |
| JAMES VAN SICKLE, | § | DALLAS COUNTY, TEXAS |
| KARL-THOMAS MUSSELMAN d/b/a | § | |
| BURNT ORANGE REPORT, AND | § | |
| KATHERINE HAENSCHEN | § | |
| | § | |
| Defendants. | § | 160TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS KARL-THOMAS MUSSELMAN D/B/A BURNT ORANGE REPORT AND KATHERINE HAENSCHEN'S ATTORNEYS' FEES PURSUANT TO CHAPTER 27 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

On March 14, 2013, The Court heard and considered Defendants Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen's (collectively, the "BOR Defendants") Request for Attorneys' Fees and for sanctions, and Defendant James Van Sickle's ("Van Sickle") Request for Attorney's Fees and for Sanctions Pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code. All parties were present and the Court, after considering the pleadings of the parties, Plaintiff's Objections and Responses, filings, evidence, briefs and arguments of counsel, finds that the BOR Defendants' attorneys' fees and Defendant James Van Sickle's attorney's fees should be, and hereby are, GRANTED as follows:

IT IS ORDERED, ADJUDGED, AND DECREED that the BOR Defendants recover their attorneys' fees pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code from Baltasar D. Cruz in the amount of $158,521.50.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant James Van Sickle recover his attorney's fees pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code from Baltasar D. Cruz in the amount of $31, 783.75.

Order Granting Defendants Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen's
Attorneys' Fees Pursuant to Chapter 27 of the Texas Civil Practices and Remedies Code            PAGE 1
126

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the request of the BOR Defendants and of Van Sickle for sanctions pursuant to Section 27.009(2), Tex. Civ. Prac. & Rem. Code is hereby DENIED.

All amounts awarded herein shall bear post judgment interest at the rate of 5% per annum from the date of this Order until paid. All taxable court costs shall be taxed against Plaintiff. This Order, along with the Court's Orders signed on December 10, 2012 and February 20, 2013, finally disposes of all claims and all parties, and is therefore a final appealable Judgment. Any additional relief requested by the parties not granted in the Court's December 10, 2012 Order, February 20, 2013 Order and this Order is hereby denied.

SIGNED this 22nd day of March, 2013.

_____
JUDGE PRESIDING

# TAB B

CAUSE NO. 12-09275

| | | |
|---|---|---|
| BALTASAR D. CRUZ, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| VS. | § | DALLAS COUNTY, TEXAS |
| | § | |
| JAMES VAN SICKLE, | § | |
| KARL-THOMAS MUSSELMAN d/b/a | § | |
| BURNT ORANGE REPORT, | § | |
| and KATHERINE HAENSCHEN | § | |
| Defendants. | § | 160th JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS JAMES VAN SICKLE, KARL-THOMAS MUSSELMAN D/B/A BURNT ORANGE REPORT AND KATHERINE HAENSCHEN'S MOTIONS TO DISMISS PURSUANT TO CHAPTER 27 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE

On this day came on to be considered Defendant James Van Sickle ("Van Sickle") and Defendants Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen's (collectively, the "BOR Defendants") Motions to Dismiss Pursuant to Chapter 27 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, and BOR Defendants' Supplement to their Motion to Dismiss Pursuant to Chapter 27 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE ("Motions to Dismiss"). The Court, after reviewing the Motions to Dismiss, Plaintiff's Objections and Response to Defendants' Motions to Dismiss, BOR Defendants' Reply to Plaintiff's Objections and Response, Defendant Van Sickle's Reply to Plaintiff's Objections and Response, Plaintiff's Supplemental Objections and Responses, Motion to Permit Discovery and for Continuance and Supplement to Van Sickle's Reply, pleadings, filings, and evidence, and hearing the arguments of counsel, finds that the Motions to Dismiss should be, and hereby are, GRANTED.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Van Sickle's Motion to Dismiss and the BOR Defendants' Motion to Dismiss and Supplement to Motion to Dismiss are hereby GRANTED, and that all causes of action asserted by Plaintiff Baltasar D.

Cruz ("Plaintiff" or "Cruz") against Van Sickle and the BOR Defendants herein are dismissed with prejudice such that Plaintiff shall take nothing from Van Sickle and the BOR Defendants in this action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that, upon notice and hearing, Van Sickle and the BOR Defendants are entitled to recover their court costs and reasonable and necessary attorneys' fees incurred in defending this action as justice and equity may require pursuant to § 27.009(a)(1) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE and recover sanctions against the Plaintiff sufficient to deter him from bringing similar actions described in Chapter 27 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

SIGNED this ___10th___ day of December, 2012

_____
JUDGE PRESIDING

Order Granting Defendant James Van Sickle, Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen's Motions to Dismiss Pursuant to Chapter 27 of the Texas Civil Practices and Remedies Code PAGE 2

# TAB C

**Affirm in part; Reverse and Render in part; Opinion Filed December 3, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00191-CV

### BALTASAR D. CRUZ, Appellant
### V.
### JAMES VAN SICKLE, KARL-THOMAS MUSSELMAN D/B/A
### BURNT ORANGE REPORT, AND KATHERINE HAENSCHEN, Appellees

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-09275**

## OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

Baltasar D. Cruz sued James Van Sickle, Karl-Thomas Musselman d/b/a Burnt Orange Report, and Katherine Haenschen for libel. Appellees moved to dismiss the suit pursuant to the Texas Citizens Participation Act (the Act),[1] commonly referred to as an anti-SLAPP[2] statute, designed to protect citizens who exercise their constitutional rights to, among other things, communicate about matters of public concern. After a hearing, the trial court granted appellees' motions and awarded them attorney's fees. Cruz, an attorney representing himself pro se, brings 121 issues complaining not only of the trial court's dismissal order and attorney's fees awards,

---

[1] TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West Supp. 2014).

[2] Strategic Lawsuits Against Public Participation.

but other rulings and orders rendered in the case.  For the reasons set forth below, we affirm in part and reverse and render in part.

## BACKGROUND

At the heart of this dispute is a single statement about Cruz that appeared in an article James Van Sickle posted September 6, 2011 on the Burnt Orange Report (BOR), a political website/blog.  The internet post, entitled "Who's on First? 2012 Dallas County Electoral Preview," identified Cruz as a primary candidate for district judge of the 162nd Judicial District Court and contained the following paragraph about him:

> Baltasar Cruz: Baltasar Cruz is another primary candidate from 2010 who attempted to knock out former State Representative Dale Tillery who is now District Judge of the 134th Judicial District.  Baltasar also has the distinction of being thrown out three times, finally by the police, of an Elizabeth Edwards book signing event in Dallas several years ago.

In his live pleading, Cruz alleged the statement that he was "'thrown out . . . by the police of an Elizabeth Edwards book signing event in Dallas several years ago'" was false and constituted libel per se, entitling him to damages for loss of reputation and mental anguish as well as exemplary damages.

Van Sickle filed a motion to dismiss appellant's lawsuit under the Act.  Van Sickle argued that his speech was protected under the Act and Cruz could not establish by clear and specific evidence a prima facie case for libel.  Musselman and Haenschen (collectively, the BOR defendants) also filed a dismissal motion under the Act.  In addition to arguing Cruz's lawsuit was based on their exercise of free speech and that he failed to meet his burden of establishing a prima facie case by clear and specific evidence, they also asserted that they had no liability for publishing the article pursuant to section 230 of the Communications Decency Act.  *See* 47 U.S.C. § 230.

The affidavits provided in support of the motions for dismissal revealed the following. Van Sickle, a general community member of the BOR website/blog, authored the article. According to Van Sickle, he wrote and posted the article to provide the public, including BOR readers, with an overview of the candidates who had announced they were running for political and judicial offices in Dallas County, Texas. Van Sickle indicated that in the paragraph about Cruz, he reported a story told to him by a third party about Cruz's conduct and eventual removal from an Elizabeth Edwards book signing event a few years earlier. Van Sickle also attested that he spoke to a source who had attended the book signing and verified the account. After speaking with other sources who reported instances of Cruz's past erratic behavior and conduct, Van Sickle stated he had no reason to doubt the veracity of the statements in his article.

Karl-Thomas Musselman owns the BOR and attested that the BOR's express purpose is to enable those involved or interested in politics, particularly those of the Democratic Party, to speak freely and address their concerns about Texas politics. Musselman contends that the BOR acts as an interactive computer service that enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the internet. According to Musselman, the BOR did not have knowledge of or edit Van Sickle's September 6 post before it appeared on the website. Katherine Haenschen is the editor-in-chief for the BOR. She attested that she did not have knowledge of or edit Van Sickle's September 6 post before it appeared on the BOR website.

Cruz filed a response to the motions that included his affidavit attesting that the complained-of statement was false and that none of the appellees ever asked him if it was true or told him they were going to publish the statement. After a hearing, the trial court granted appellees' motions to dismiss and awarded them attorney's fees pursuant under the Act. Cruz filed this accelerated appeal challenging numerous trial court rulings in the case.

ANALYSIS

## I.      Preliminary Concerns

Before analyzing the merits of this appeal, we first consider issues related to Cruz's appellate briefing and preservation of appellate complaints.

### *A. Briefing Deficiencies*

Excluding the sections listed under appellate rule of procedure 9.4(i)(1), Cruz's amended appellate brief is about 80 pages in length and lists 121 issues complaining of ten different trial court orders in connection with this appeal.[3]  The "Issues Presented" section alone, which is not included in the preceding page count, is 25 pages in length.  A brief must state concisely all issues or points for review and reveal the legal issues we are called upon to decide.  TEX. R. APP. P. 38.1(f); *Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 896 (Tex. App.— Dallas 2010, no pet.).  Far from concise, many of Cruz's issues are repetitive and subsumed by, or overlap, other issues.  Moreover, several issues are multifarious in that Cruz complains about multiple evidentiary rulings within a single issue.

The appellate rules also require a brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities and to the record.  TEX. R. APP. P. 38.1(i).  The argument section of Cruz's brief consists of 69 pages of text with no headings, divisions, or groupings of any kind to provide guidance as to where the discussion appears for each of his 121 issues.  It is not until 21 pages into his argument section that Cruz cites his first case, which defines what generally constitutes a defamatory statement.[4]

---

[3] We previously granted Cruz's motions to increase word and page limits in part, allowing him to file an initial appellate brief of no more than 65 pages or 19,500 words, and a reply brief of no more than 9,500 words.  Cruz has certified that his amended brief is 19,496 words and his amended reply brief is 9,500 words.

[4] In the first 20 pages of his argument, Cruz cites generally to various sections of the Act, and makes passing references to certain clauses of the U.S. and Texas Constitutions as well as a single reference to rule 45 of the Texas Rules of Civil Procedure with little or no legal analysis or discussion.

Appellant has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules. We have no duty, or even right, to perform an independent review of the record and applicable law to determine whether there was error. *See Bolling*, 315 S.W.3d at 895. For the reasons stated below, we conclude the issues identified in the remainder of this section are inadequately briefed, so we will not address them on the merits.

Cruz challenges the trial court's evidentiary rulings on numerous objections contained in (1) responses he filed to the motions to dismiss and appellees' requests for attorney's fees, and (2) the BOR defendants' response to Cruz's motion to reconsider attorney's fees.[5] Cruz does not identify the specific objections he intends to challenge and provides no discussion or legal authority in the argument section of his brief to support his challenges to the trial court rulings. Instead, he asserts that the word limits on briefing prevent him from specifying these objections and invites us to "review said objections, which are self-explanatory, and reverse the trial court's rulings on same." We decline Cruz's invitation. As Cruz acknowledges, one of the several trial court documents to which he directs us is 47 pages long and contains 27 separate evidentiary objections. The other trial court documents contain multiple objections. We will not look outside an appellate brief for arguments in support of an issue when doing so would circumvent the briefing limitations that we have previously extended in this case. *See* TEX. R. APP. P. 9.4(i); *Coleman v. Prospere*, 05-13-00068-CV, 2014 WL 4672456, at *2 n.4 (Tex. App.—Dallas Sept. 22, 2014, no. pet. h.) (citing *Ritchie v. Rupe*, 339 S.W.3d 275, 284 n. 11 (Tex. App.—Dallas, 2011), *rev'd on other grounds*, 443 S.W.3d 856 (Tex. 2014)). Because Cruz's brief has presented no argument on these multifarious issues, they are waived. TEX. R. APP. P. 38.1(i); *Bolling*, 315 S.W.3d at 895.

---

[5] Issues 25, 26, 42, 44, and 121.

Cruz also challenges the trial court's ruling granting Van Sickle's special exceptions and appellees' joint motion to extend time to file their motions to dismiss.[6] Cruz concludes, without discussion or analysis, that his original pleading provided adequate notice of his claim and that appellees' reasons for the requested extension did not establish good cause under section 27.003(b).[7] His entire argument for these 9 issues is completely devoid of any analysis or discussion as to what constitutes "fair notice" or "good cause" in the context of this case. The only legal authorities to which he refers are civil procedure rule 45 which sets forth the general requirements for pleadings, and section 27.003(b) which authorizes the trial court to grant an extension on a showing of good cause. These conclusory statements unsupported by relevant legal citations do not comply with appellate briefing requirements. *See* TEX. R. APP. P. 38.1(i). Because these issues are inadequately briefed, they are waived. *See Bolling*, 315 S.W.3d at 895.

Cruz also complains about his inability to conduct discovery, other than requests for disclosure, before the trial court ruled on the motions to dismiss.[8] He contends a trial court scheduling conference order, in conjunction with the Act's discovery suspension upon the filing of a motion to dismiss, gave him only 10 days to conduct discovery. He also complains the trial court abused its discretion in denying his motion for continuance and to permit discovery pursuant to section 27.006(b), which he filed at 4:24 p.m. the day before the scheduled dismissal hearing. Cruz's "argument" under these issues details the reasons he did not conduct discovery before the hearing on the motions to dismiss rather than the propriety of the trial court's rulings under the Act. Without any analysis or legal authority other than passing references to

---

[6] Issues 1 through 9.

[7] Van Sickle specially excepted to Cruz's petition because it did not specifically identify any libelous statement. Appellees moved to extend the filing deadline for the motions to dismiss to allow Cruz to replead and allow appellees, who were served with the lawsuit on different dates, to file their dismissal motions so that they could be heard at the same time.

[8] Issues 10 through 14.

provisions of the U.S. and Texas constitutions, Cruz concludes his inability to conduct discovery when combined with the requirement he show "actual malice," violated his constitutional rights to due process/due course of law and equal protection. These constitutional "arguments" are contained in two paragraphs and consist of a total of three sentences. Cruz's failure to present any discussion or analysis for his discovery complaints and contention that the Act's discovery restrictions and trial court rulings violated his constitutional rights or to support his contention with appropriate citations to authorities has waived these complaints on appeal. *See* TEX. R. APP. P. 38.1(i).

Cruz also complains that the Act's discovery suspension violated the due process and due course of law provisions of the U.S. and Texas Constitutions.[9] But once again he does nothing more than reference certain constitutional provisions and state that the burden imposed by Act "is fundamentally unfair and would normally prevent any Plaintiff who is required to prove an opposing party's 'actual malice' from overcoming a motion to dismiss on a libel per se claim in the state of Texas." Because this issue essentially raises the same complaint as issues we have already waived for inadequate briefing and provides no further discussion or legal analysis, it also presents nothing for our review. *See* TEX. R. APP. P. 38.1(i).

### B. Preservation of Error

Cruz asserts the Act violates both the open courts provision and the right to trial by jury provision of the Texas Constitution "because it suspends discovery upon the filing of a motion to dismiss while placing the burden on the Plaintiffs to establish 'by clear and specific evidence' a *prima facie* case for each essential element of their claims" (italics in original).[10] Cruz did not present these constitutional complaints to the trial court. Accordingly, they are not preserved for

---

[9] Issue 37.

[10] Issues 36 and 38.

appellate review and we need not consider them on appeal. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 377 (Tex. 2009) (even constitutional complaints are waived on appeal when not first presented to trial court).

With respect to Cruz's remaining issues, we have generally structured our discussion to address Cruz's contentions as they appear in the argument section of his brief, considering them only to the extent they are preserved for appellate review and adequately briefed.

## II. Trial Court's Order Granting the Motions to Dismiss

We begin with Cruz's general contention that the trial court erred in granting appellees' motions to dismiss.[11] To prevail on a motion to dismiss filed pursuant to the Act, a movant must first show by a preponderance of the evidence that that the legal action "is based on, relates to, or is in response to" the movant's exercise of the right of free speech, right to petition, or right of association. TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b); *Pickens v. Cordia*, 433 S.W.3d 179, 183 (Tex. App.—Dallas 2014, no pet.). If the movant meets his burden, the trial court must dismiss the action unless the plaintiff "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id*. § 27.005(c).

### A. Standard of Review

Cruz contends we should review de novo the trial court's determinations under the Act.[12] Appellees do not disagree.[13] Accordingly, we apply a de novo standard of review regarding the trial court's ruling on the motion to dismiss. *See Shipp v. Malouf*, 439 S.W.3d 432, 437 (Tex.

---

[11] Issue 41.

[12] Issue 15 generally questions the standard of appellate review applicable to a trial court's dismissal under the Act. In his argument, Cruz concludes without any discussion or citation to authority that we should review the trial court's ruling on the motion to dismiss de novo as is done in summary judgment rulings.

[13] Appellees agree that we review de novo whether the movant met his burden regarding the Act's applicability under section 25.005(b). They contend the standard of review for whether the plaintiff satisfied his burden under section 25.005(c) is less clear. However, they do not dispute that here, we should review de novo whether Cruz met his burden under section 25.005(c).

App.—Dallas 2014, no pet.) (applying de novo standard of review on trial court determinations under section 27.005(b) and (c); *Am. Heritage Capital, LP v. Gonzalez*, 436 S.W.3d 865, 874 (Tex. App.—Dallas 2014, no pet.) (applying de novo standard of review to trial court's determination under section 27.005(c)); *Young v. Krantz*, 434 S.W.3d 335, 342–43 (Tex. App.— Dallas 2014, no pet.) (applying de novo standard of review to trial court's determinations under section 27.005(b) and (c)); *Rehak Creative Servs., Inc. v. Witt*, 404 S.W.3d 716, 724–25 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (applying de novo standard of review to trial court's determinations under 25.005(b) and (c)).

### B. Applicability of the Act

Cruz contends the Act does not apply to his lawsuit because his libel claim is not based on, related to, or in response to appellees' exercise of the right of free speech.[14] Specifically, Cruz argues the statement forming the basis of his libel claim cannot be a "matter of public concern" as contemplated under section 27.001(7) because (1) it is a false statement of fact and libelous per se, and (2) section 27.011(a) precludes such a determination. We do not agree with either of these contentions. The exercise of free speech is defined in the Act as "a communication made in connection with a matter of public concern." *Id*. § 27.001(3). Under the Act, a matter of public concern includes issues related to a public official or public figure. *Id*. § 27.001(7)(D).

In his motion to dismiss, Van Sickle presented affidavit testimony that he posted the article in which the complained-of statement appears to provide the public and readers of the BOR with an overview of candidates who had announced they were running for political and

---

[14] Issues 16 through 24. Additionally, Cruz argues his lawsuit is not based on appellees' exercise of the right to petition or right of association to which the Act also applies. *See id*. at 27.003(a). We focus our analysis on whether Cruz's libel action implicates appellees' rights of free speech and our disposition of that issue makes it unnecessary to address these other rights.

judicial offices in Dallas County, Texas. Similarly, Musselman attested that the BOR provides a forum for individuals to express concerns or comments about Texas politics and addresses matters of public concern such as issues pertaining to the government and information about public officials and public figures elected to public office or candidates running for elected office. Appellees asserted the internet post in question related to speech on a matter of public concern because it comments on the conduct, qualities, fitness, and temperament of a candidate for judge in an upcoming electoral race. In response to the motions, Cruz did not present any controverting evidence on this issue except to state in his affidavit opposing the motion that the objected-to statement was false and none of the appellees ever asked him if it was true.

In determining whether a lawsuit is related to the exercise of free speech under the broad language of the Act, we must look to the entire communication as well as the context of the communication in which the allegedly defamatory statement is made. *Shipp*, 439 S.W.3d at 438. It is undisputed that the paragraph about Cruz was written to provide information about him relevant to his primary candidacy for judge of the 162nd Judicial District Court. The paragraph recounted his unsuccessful 2010 attempt to be elected as judge of the 134th Judicial District Court and also contained the statement about the Elizabeth Edwards book signing event of which Cruz complains. In this context, the complained-of statement was a communication made in connection with an issue related to Cruz as a public official or public figure.

When a person consents to become a candidate for election to public office, he puts his character in issue as it relates to his qualification for the office. *Express Printing Co. v. Copeland*, 64 Tex. 354, 358 (1885). Because the statements concerned Cruz's personal character and fitness for judicial office, they were a matter of public concern and thus related to appellees' freedom of speech. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3); (7)(D); *see also Copeland*, 64 Tex. at 358–59 (there should be freedom in discussing, in good faith, the character,

–10–

the habits and mental and moral qualifications of any person presenting himself as a candidate for a public office to electors).

In reaching this conclusion, we necessarily reject Cruz's contention that a false and libelous statement cannot be a matter of public concern under the Act. Cruz presents no legal authority for his broad assertion and we have found none. To the contrary, under the Act's statutory definitions, the issue of whether a communication implicates "the exercise of the right to free speech" does not require us to determine the statement's veracity. *See Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012 at *5 (Tex. App.—Austin April 11, 2014, pet. filed) (mem. op.).

We are also unpersuaded by Cruz's position that section 27.011(a) of the Act does not allow the complained-of statement to be construed as relating to a matter of public concern. That section provides:

> This chapter does not abrogate or lessen any other defense, remedy, immunity, or privilege available under other constitutional, statutory, case or common law or rule provisions.

TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(a). Cruz seems to suggest that concluding the statement at issue relates to a matter of public concern is contrary to 27.011(a) because it would result in government officials never being allowed to recover for defamation. Once again, Cruz provides no legal support for his position other than reference to 27.011(a). Moreover, his construction of 27.011(a) runs counter to section 27.005(c) which prohibits dismissal of his libel action under the Act if Cruz establishes by clear and specific evidence a prima facie case for each element of his libel claim.

### C. Prima Facie Case of Libel Per Se

If, as here, the movants establish by a preponderance of the evidence that the action is based on or relates to their exercise of free speech, the trial court must dismiss the action unless

–11–

the party who brought the action "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id*. at § 27.005(c). Generally, a prima facie case requires only the minimum amount of evidence necessary to support a rational inference that the allegation of fact is true. *See Am. Heritage Capital,* 436 S.W.3d at 874.[15] In the next portion of his argument, Cruz generally challenges the trial court's determination that he failed to establish by clear and specific evidence a prima facie case of libel per se.[16]

To prevail on a cause of action for libel, a plaintiff who is a public official or public figure must prove the defendant published a defamatory statement in writing or graphic form while acting with actual malice regarding the truth of the statement. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (West 2011) (elements of libel); *Rehak*, 404 S.W.3d at 727 (elements of libel for public official plaintiff or public figure plaintiff). Even when the plaintiff is a private individual, the plaintiff must still establish the defamatory statement was published with negligence regarding its truth. *Rehak*, 404 S.W.3d at 727.

Here, Cruz pleaded the statement constituted libel per se because it was of such a nature to affect him as a practicing attorney and judicial candidate. *See Hancock v. Variyam*, 400 S.W.3d 59, 64 (Tex. 2013) (a statement injuring person in his office, profession, or occupation typically considered defamatory per se). Defamation per se claims allow the factfinder to presume general (noneconomic) damages without proof of injury when the speech is not public or when the plaintiff proves actual malice. *Hancock*, 400 S.W.3d at 65–66.

It is undisputed that Cruz was a candidate for judicial office on September 6, 2011, the date the article containing the complained-of statement was posted on the BOR website. We

---

[15] We have previously stated the purposeful inclusion of the "clear and specific evidence" requirement suggests an elevated evidentiary standard. *Shipp*, 439 S.W.3d at 439; *Young*, 434 S.W.3d at 342–43. We need not explore the parameters of this elevated standard because even under the general prima facie standard, Cruz has not met his burden.

[16] Issues 27 through 34.

therefore apply the defamation standards applicable to public official plaintiffs. *Monitor Patriot Co. v. Roy*, 401 U.S. 265, 271–72 (1971) (candidates for elective public office are public officials for purposes of recovery for defamation); *Freedom Newspapers of Tex. v. Cantu*, 168 S.W.3d 847, 853 (Tex. 2005) (sheriff candidate was public official). Cruz acknowledges that among the elements necessary to prevail on public figure/public official libel claim, he must establish by clear and specific evidence that appellees published the allegedly defamatory statement with actual malice. *See WFAA-TV, Inc., v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). To establish actual malice, Cruz must show the defamatory statement was published with either knowledge of its falsity or with reckless disregard as to its truth. *See Hearst Corp. v. Skeen,* 159 S.W.3d 633, 637 (Tex. 2005) (per curiam). To establish reckless disregard, a plaintiff must prove that the defendant "entertained serious doubts as to the truth of his publication." *See id.*

The only evidence attached to Cruz's responses to the appellees' motions to dismiss was his affidavit and appellees' responses to request for admissions. In his affidavit, Cruz attested that the police did not throw him out of an Elizabeth Edwards book signing and that the statement in the article that they did is entirely false. Appellees' responses to the requests for admissions merely reveal that appellees were not present at the book signing and had no personal knowledge as to whether Cruz was thrown out of the event by the police.

Cruz contends the nature of the statement itself, combined with his evidence of falsity and appellees' refusal to remove it from the website when they had no personal knowledge as to its truth, was sufficient to establish a prima facie case of actual malice. We do not agree. As noted above, Cruz must present evidence that appellees published the statement knowing it was false or with reckless disregard for its truth. *See id.* The evidence Cruz presented did not satisfy either of these criteria. Citing *Huckabee v. Time Warner Entertainment Co.*, Cruz argues a

–13–

defendant's selective omission of facts to purposely create a false portrayal of events can be evidence of actual malice. 19 S.W.3d 413, 425–26 (Tex. 2000). But Cruz does not indicate or provide any evidence as to what facts were omitted in this case to establish actual malice. Cruz's evidence merely showed appellees were not present at the event and had no personal knowledge of the facts contained in the statement. This was not evidence of appellees' state of mind at the time the article was posted. *See Forbes Inc. v. Granada Biosciences, Inc.,* 124 S.W.3d 167, 173 (Tex. 2003) (relevant inquiry for "actual malice" purposes focuses on defendant's state of mind at time of publication).

Cruz also argues that appellees' refusal to remove the complained-of statement from the website was "primarily out of resentment towards Appellant for suing them – i.e., actual malice." Cruz's "evidence" that appellees refused to remove the statement from its website consists of BOR counsel's response to the trial judge's question during the dismissal hearing as to whether appellees had the ability pull the article down from the website. Generally, an attorney's statements must be under oath to be considered evidence. *Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). Our review of the record reveals there was no evidence before the trial court at the dismissal hearing that appellees refused requests to remove the statement or that they failed to remove the statement knowing it was false or with reckless disregard as to its truth. Regardless, the actual malice standard focuses on the defendant's state of mind at the time of publication not after the defendant was sued. *See id.* Evidence of events after an article has been printed and distributed has been held to have little if any bearing on the defendant's state of mind at the time of publication. *See Forbes Inc.,*124 S.W.3d at 174.

Additionally, Cruz contends that once he lost the primary election, he was no longer a public official and only had to establish the statement was "false, defamatory and constitutes

libel per se," not actual malice[17]  The success of this argument is completely dependent upon our application of the continuous publication rule to the internet post based on appellees' failure to remove the statement from the BOR website.  Cruz basically contends he has a separate and distinct cause of action for defamation each day the statement is not removed from the site and once his status changed, so did the elements necessary to establish his defamation claim.[18]  But rather than provide any independent discussion in his brief to support application of the continuous publication rule to internet publications, Cruz provides a single, general reference to a 13-page 2002 student comment from a law review that does not pertain to Texas law.[19]  His brief does not discuss the article or provide any analysis regarding the single publication rule or continuous publication rule in reference to existing Texas law.[20]  Accordingly, Cruz has not demonstrated the applicability of the continuous publication rule to the post in question.  We therefore reject his argument premised on the rule.

Because Cruz produced no evidence that the statement of which he complains was published with actual malice, he did not meet his burden under section 27.005(c) of establishing

---

[17]  Even in a defamation per se claim between private parties over a matter of private concern there must still be a showing that the statement was published with negligence regarding the truth of the statement.  *See Hancock*, 400 S.W.3d at 65 n.7.

[18]  In contrast to the continuous publication rule, the single publication rule provides that a libel action accrues for limitations purposes upon publication which is complete on the last day of mass distribution of copies of the printed matter and rejects the principle that a new publication, and therefore a separate tort, is created each time the material is sold.  *Holloway v. Butler*, 662 S.W.2d 688, 690–91(Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.).

[19]  Odelia Braun, Comment, *Internet Publications and Defamation: Why the Single Publication Rule Should Not Apply*, 32 Golden Gate U. L. Rev. 2002.

[20]  These rules evolved to determine the publication date for limitations purposes and involve considerations completely distinct from those that are applicable when assessing the state of mind of the defendant at the time of publication.  *See Forbes, Inc.*, 124 S.W.3d at 173.  The fourteenth court of appeals has recently applied the single publication rule, rather than the continuous publication rule, to a television report posted on the internet.  *See Mayfield v. Fullhart*, 444 S.W.3d 222, 228–30 (Tex. App.—Houston [14th Dist.] 2014, pet. filed).  Relying in large part on the Fifth Circuit's analysis in *Bi-Weekly Administration, Inc. v. Belo Corp.*, 512 F.3d 137 (5th Cir. 2007), the *Mayfield* court noted that every court that had decided the issue to date had held the single publication rule applied to information publicly available on the internet.  *Mayfield*, 444 S.W.3d at 229.  Although not bound by its interpretation of Texas law, we also find the Fifth Circuit's reasoning persuasive.

–15–

a prima facie case for libel. Our conclusion that Cruz presented no evidence of actual malice makes it unnecessary to address his arguments concerning whether the trial court could consider appellees' evidence in determining whether Cruz met his burden under section 27.005(c).[21]

Cruz next contends that if section 27.005(c) required him to prove by clear and specific evidence the complained-of statement was published with actual malice to defeat appellees' motions, it runs afoul of section 27.011(a) of the Act because this burden had the effect of abrogating or lessening his right to assert a libel per se claim against appellees under Texas common law.[22] Once again, Cruz's argument is nothing more than brief, conclusory statements unsupported by any legal authority apart from section 27.011(a). As such, this contention is waived for inadequate briefing. *See* TEX. R. APP. P. 38.1.

## III. Trial Court's Order Awarding Attorney's Fees

After the trial court granted appellees' motions to dismiss, a hearing was held on January 9, 2013 on appellees' request for attorney's fees and sanctions pursuant to section 27.009(a) of the Act. At the hearing, Cruz objected to appellees presenting any evidence of attorney's fees because they had failed to respond to his requests for disclosures regarding their testifying experts on the issue of attorney's fees. The trial court continued the hearing to allow Cruz the discovery he sought.[23] On February 7, 2013, appellees filed affidavits concerning their attorney's fees through January 31, 2013. At the subsequent hearing on March 14, 2013, appellees relied on these affidavits instead of introducing live testimony on attorney's fees because Cruz did not file any controverting affidavits.

---

[21] Issues 39 and 40.

[22] Issue 35.

[23] The trial court initially reset the hearing for January 31, 2013 but rescheduled to March 14 after it became clear the hearing could not be completed in the time allotted.

Cruz objected to appellees' affidavits on several grounds. He also contended there was no evidence appellees incurred any attorney's fees as required under the Act. The trial court ultimately signed an order awarding the BOR defendants $158,521.50 in attorney's fees and awarding Van Sickle $31,783.75 in attorney's fees. The trial court denied appellees' request for sanctions pursuant to section 27.009(2). Cruz makes various challenges to the trial court's awards of attorney's fees. We begin our discussion with his complaint about certain discovery, procedural, and evidentiary rulings related to the attorney's fees awards.[24]

### A. Discovery Issues

Cruz contends the trial court abused its discretion in *sua sponte* continuing the January 9 attorney's fees hearing to give appellees time to supplement their inadequate disclosure responses rather than excluding appellees' evidence of attorney's fees.[25] Cruz has provided no discussion or legal authority to support his contention that the trial court continuance was improper. Instead, Cruz cites several cases for the unremarkable proposition that failure to timely disclose expert witnesses will result in exclusion of testimony unless the proffering party demonstrates good cause or lack of unfair surprise or unfair prejudice for its admission. But nowhere does he discuss how this proposition precluded the trial court from continuing the hearing in light of rule 193.6(c). Rule 193.6(c) of the Texas Rules of Civil Procedure specifically permits a trial court to temporarily postpone a hearing to allow supplementation of a discovery response even when the proponent of the evidence fails to establish good cause or the lack of unfair surprise or unfair prejudice. *See* TEX. R. CIV. P. 193.6(c). Accordingly, Cruz has not demonstrated any reversible error in connection with the trial court's continuance.

---

[24] Issues 43, and 45 through 120.

[25] Issues 43 and 49.

Cruz next contends that appellees' evidence on attorney's fees should have been excluded because their supplemental disclosure responses did not disclose the bases for the experts' opinions, contain the attorney's fees agreements, or the resume of the BOR defendants' attorney.[26] In their supplemental disclosure, the BOR defendants identified three attorneys from the law firm that was representing them in this matter and designated one of these attorneys as a testifying expert stating that he:

> will testify on the subject of attorney's fees incurred in defending against the action brought by Plaintiff and whether such an award would be equitable and just.
>
> * * *
>
> [Counsel] will testify that the attorneys' fees incurred in defending against the action brought by Plaintiff are reasonable in Dallas County and were necessary for the defense of the suit. He will rely upon the applicable factors set out in State Bar Rule 1.04 regarding the reasonableness of the fees. He will also opine that the unreasonable actions of the Plaintiff were responsible for making the fees higher than they ordinarily would have been. This opinion is based upon the Plaintiff taking legal positions that were unsupported by legal authority and by requiring unnecessary hearings before the court. This same conduct supports [counsel's] opinion that the award of fees would be equitable and just.

The BOR defendants' supplemental disclosure also attached billing statements and the resumes of three attorneys from the law firm who performed work on the case.[27]

Van Sickle's amended disclosure designated four lawyers from the law firm representing him as testifying experts stating:

> One or more . . . will testify regarding the reasonable and necessary attorneys' fees incurred in this case. The basis for the opinion will be his/her respective experience in the area of civil litigation in Texas and a review of the pleadings and documents in the case as of the time of testimony.

---

[26] Issues 45 through 51 and 63 through 65.

[27] Although Cruz asserts that the testifying attorney for the BOR defendants did not provide his resume in accordance with rule 194.2(f)(3), their supplemental responses note that the attorney's "current resume is attached and bibliography is attached as Exhibit "E." Our record does not contain the attachments to the supplemental disclosure responses. At the March 14 hearing, however, the attorney stated the attachment contained his picture, and "goes on in some detail to indicate what my background is, cases that I've tried, et cetera, et cetera."

The attorneys' fees and costs incurred in preparing this case on behalf of [Van Sickle] are reasonable and necessary. The [law firm] is retained by [Van Sickle].

The amended disclosure also included the hourly rates for the attorneys working on the case, billing statements for the total amount of fees and expenses as of the time of the disclosure, and the resumes of two of the attorneys.

Appellees' supplemental responses disclosed the names of the attorneys who might testify about the respective party's attorney's fees and about the reasonableness and necessity of the fees based on one or more of the following: (1) factors set forth in Texas Disciplinary Rule 1.04,[28] (2) their legal experience, and (3) review of the documents and pleadings in the case. The disclosures also included billing statements and the resumes of the testifying experts. These disclosures provided Cruz with the general substance of the attorneys' anticipated testimony. Based on the record before us, we conclude appellees sufficiently complied with the disclosure rules and the trial court did not abuse its discretion refusing to exclude appellees' evidence on attorney's fees. *See Goldman v. Olmstead*, 414 S.W.3d 346, 364–65 (Tex. App.—Dallas 2013, pet. denied); *Reynolds v. Nagely*, 262 S.W.3d 521, 531 (Tex. App.—Dallas 2008, pet. denied).[29]

### B. Procedural and Evidentiary Issues

In multiple issues, Cruz generally attacks the manner by which appellees sought to prove their attorney's fees.[30] At the March 14 hearing, appellees informed the Court that they had filed attorney's fees affidavits pursuant to section 18.001 of the civil practice and remedies code and that Cruz had not filed any controverting affidavits. When the BOR attorney attempted to

---

[28] TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (West 2013) (TEX. STATE BAR R. art. X, § 9).

[29] In issue 48, Cruz also contends that Van Sickle's attorney's fees affidavit should have been excluded under the best evidence rule because the written fee agreement was not produced. Because Cruz provided no discussion or legal authority other than a general reference to rule 1002 of the Texas Rules of Evidence, he has waived this complaint. *See* TEX. R. APP. P. 38.1(i).

[30] Issues 52 through 62 and 66 through 86.

present his affidavit as an exhibit, the Court responded, "I just need to know when it was filed, if it's in my record." Appellees stated the affidavits were filed on February 7 and covered their fees up to January 31, 2013. The Court then confirmed that he would only be hearing argument rather than testimony from appellees. Cruz now complains the trial court improperly considered affidavits that were not formally introduced into evidence. Cruz did not object to this procedure during the hearing. Indeed, after the hearing, Cruz filed "Plaintiff's Response to Defendants' Briefs on Attorneys' Fees and Sanctions, and Objections to Affidavits *Introduced into Evidence By Defendants at March 14, 2013 hearing on Defendants' Requests for Attorneys' Fees*" (italics added). Although Cruz raised various objections to the affidavits, he did not assert they were never introduced into evidence. Cruz, therefore, failed to preserve this complaint for appellate review. *See* TEX. R. APP. P. 33.1. Moreover, he has cited no legal authority, nor have we found any, to support his contention that affidavits filed with the trial court over one month before the attorney's fees hearing had to be formally introduced into evidence at the hearing after the trial court indicated he just needed to know when it was filed. We resolve this complaint against Cruz.

Cruz also objects to the affidavits on the grounds they did not reference or comply with chapter 18 of the civil practice and remedies code. At the hearing, Cruz argued specifically that the affiants did not put forth the information required by section 18.002(b), which is the form of affidavit applicable for a person in charge of records. *See* TEX. R. CIV. P. 18.002(b) ("An affidavit concerning cost and necessity of services *by the person who is in charge of records* showing the service provided and the charge made is sufficient if it follows the following form…."). Because the affiants were the lead attorneys who provided legal services to appellees, section 18.002(a) was the applicable section not section 18.002(b). *See* TEX. R. CIV. P. 18.002(a) ("An affidavit concerning cost and necessity of services *by the person who provided the service*

is sufficient if it follows the following form….") (emphasis added). Cruz has provided no legal authority, and we have found none, that would preclude an attorney overseeing or in charge of a file from testifying as to the reasonableness and necessity of their legal fees and the legal fees of the attorneys and staff working under them. Moreover, our review of the affidavits reveal that they substantially complied with section 18.001. *See* TEX. R. APP. P. 18.002(c) ("an affidavit that substantially complies with Section 18.001 is sufficient"). The affidavits were taken before an officer with authority to administer oaths, made by persons who provided the services, included itemized statements of the services and charges, and were filed and served at least 30 days before the day on which evidence was first presented to the trial court. *See* TEX. R. APP. P. 18.001.

As part of his argument under these issues, Cruz also makes the bold assertion that appellees drafted the fee affidavits to conceal the fact that they were filed pursuant to chapter 18 and, thus acted in a "dishonest, misleading, fraudulent and/or unethical" manner. The only evidence Cruz references to support his position are the affidavits themselves and we have already concluded they substantially comply with section 18.001. Moreover, Cruz made no objection on this basis at the March 14 hearing when he learned that appellees were relying on the affidavits to support their evidentiary burden. Instead, Cruz merely stated, "this is the first time that I realized that they are claiming that their affidavits are being filed under Chapter 18 of the Texas Civil Practice and Remedies Code. Their affidavits do not comply with the requirements of Chapter 18 of the Civil Practice and Remedies Code."[31] He has thus failed to preserve this argument. For all of the preceding reasons, Cruz's procedural and evidentiary

---

[31] Our resolution of this issue makes it unnecessary to address Cruz's request that we sanction appellees and/or their attorneys for preparing and filing the affidavits in the trial court.

complaints lack merit. We therefore conclude the trial court did not abuse its discretion in considering the appellees' fee affidavits in connection with their request for attorney's fees.

### C. Fee Awards pursuant to Section 27.009

When the trial court dismisses a legal action under the Act, "the court shall award to the moving party: (1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require." TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(a)(1). Cruz contends that the phrase "as justice and equity may require" indicates that an attorney's fees award under section 27.009(a)(1) is discretionary.[32] We disagree. Statutes that provide a court "may recover," "shall be awarded," or "is entitled to" attorney's fees are not discretionary. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); s*ee also Sierra Club v. Andrews Cnty.*, 418 S.W.3d 711, 720 (Tex. App.—El Paso 2013, pet. filed) (award of attorney's fees mandatory if motion for dismissal granted). Accordingly, Cruz's contention is not well-taken.[33] Pursuant to the plain wording of the Act, appellees are entitled to an award of attorney's fees that is supported by the evidence. *See Bocquet,* 972 S.W.2d at 20; *Sierra Club*, 418 S.W.3d at 720–21.

Next, Cruz generally contends the evidence was insufficient to establish the attorney's fees awarded to appellees were "incurred, reasonable, just and equitable" as required under the

---

[32] Issue 99.

[33] Cruz also relies on the author's/sponsor's statement of intent in the bill analysis stating after a claim is dismissed under the Act, "the plaintiff who has wrongly brought the lawsuit may be required to pay attorney's fees of the defendant." This general statement directly contradicts the specific section analysis of section 27.009 in the bill analysis which "Requires the court" to award to a successful moving party court cost, reasonable attorney's fees, and other expenses incurred in defending the legal action as justice and equity may require.

Act.[34] We first address Cruz's arguments that appellees did not incur any fees in defending against his claim.[35]

## 1. Were Attorney's Fees Incurred?

We recently addressed section 27.009(a)(1) in connection with a sufficiency challenge to a trial court's attorney's fees award under the Act. *See Am. Heritage Capital*, 436 S.W.3d at 877–78. In *American Heritage Capital*, we assumed without deciding reasonable attorney's fees had to be incurred for recovery under 27.009(a)(1). *See id.* at 877. We also interpreted "incurred" to mean liable for payment. *See id.* Our construction in *American Heritage Capital* is consistent with the supreme court's construction of the similarly worded attorney's fees provision in the Texas Medical Liability Act. *See Garcia v. Gomez,* 319 S.W.3d 638, 642 (Tex. 2010). In *Garcia,* the supreme court construed the statutory language "reasonable attorney's fees and costs of court incurred by the physician or health care provider" to limit the fee award to the lesser of (1) a reasonable fee or (2) the fee actually incurred, noting that it had previously held a health care liability defendant incurs attorney's fees under this statute when he is "'personally liable in the first instance for both defense costs and any potential judgment.'" *Garcia*, 319 S.W.3d at 642–43 (quoting *Aviles v. Aguirre*, 292 S.W.3d 648, 649 (Tex. 2009) (per curiam)).

The BOR defendants contend that pursuant to the last antecedent rule, "incurred" only applies to "other expenses" and not "attorney's fees." The last antecedent rule states that a

---

[34] Issues 87 through 98 and 100 through 120.

[35] In issues 89 and 90, Cruz asserts that the trial court abused its discretion in denying him the opportunity to call appellees' attorneys to testify at the March 14 hearing regarding their attorney fee agreements with appellees. His entire argument with respect to these two issues is a single sentence asserting the trial court erred in refusing to allow him to call the attorneys because "he was entitled to present evidence that appellees did not 'incur' any attorneys [sic] as contemplated under Sec. 27.009(a)(1) TCPRC" and "the mere filing of an affidavit under chapter 18 does not preclude such an inquiry nor support or require a finding that fees described in such an affidavit have been *incurred*." [Italics in original]. Cruz provides no discussion or citations to applicable legal authorities to support his contention. And although Cruz was permitted to make a bill in the trial court, there is no discussion in his brief as to what the excluded testimony would have established. Accordingly, these issues present nothing for review.

qualifying phrase in a statute must be confined to the words and phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied. *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000). That rule of construction, however, is "neither controlling nor inflexible." *Id.* (quoting *City of Corsicana v. Willmann*, 216 S.W.2d 175, 176 (Tex. 1949)). Here, the use of the term "other" preceding "expenses" suggests that court costs and attorney's fees are also expenses. It makes no sense to require only expenses other than court costs and reasonable attorney's fees to be "incurred." According to the BOR defendants' construction, the legislature would have to place "incurred" after each cost listed to insure it applied to that cost item resulting in a cumbersome and awkward sentence.

No case has construed the language of section 27.0009(a)(1) as the BOR defendants suggest and we will not do so in light of the supreme court's construction of the similarly worded attorney's fees statute in *Garcia.* 319 S.W.3d at 642–43 ("reasonable attorney's fees and costs incurred by the physician or health care provider" requires attorney's fees to be both reasonable and incurred). Because Van Sickle and the BOR defendants were represented by different attorneys, we will separately address the propriety of each fee award based on our construction of the statute and the evidence presented below.

### a. BOR Attorney's Fees Award

In support of their request for attorney's fees, the BOR defendants filed an affidavit pursuant to chapter 18 of the civil practice and remedies code. In the affidavit, their attorney attested he was licensed to practice law since 1977, was currently a partner in the law firm of Jackson Walker L.L.P, and the law firm and he represented the BOR defendants in this case. He also swore that he had personal knowledge of the facts contained in the affidavit. The affidavit incorporated a "prebill worksheet," invoice summary, and an itemized statement of the legal services the attorney and the law firm provided to the BOR defendants. The invoice summary

listed total fees of $158,521.50. However, the prebill worksheet and invoice summary indicate that the BOR defendants were non-billable clients "approved by B&C." There is also a notation on the prebill worksheet stating "12/7/10: per emails, TCT1 has B&C approval to do probono (sic) work for this client.skg." Cruz argues that because the BOR defendants are being represented pro bono, they have not incurred any attorney's fees as required under section 27.009(a). We agree. The undisputed evidence demonstrates the BOR defendants were being represented pro bono. Accordingly, they did not incur attorney's fees under section 27.009(a)(1) because they did not at any time become liable for the attorney's fees set forth in the invoices. *See Aviles,* 292 S.W.3d at 649; *Am. Heritage Capital*, 436 S.W.3d at 877–78; *see also Jackson v. State Office of Admin. Hearings*, 351 S.W.3d 290, 299–300 (Tex. 2011) (pro se attorney litigant did not incur attorney's fees under Texas Public Information Act).

The BOR defendants cite *Brown v. Commission for Lawyer Discipline*, 980 S.W.2d 675, 684 (Tex. App.—San Antonio 1998, no pet.) to support their contention that even if section 27.009(a)(1) requires attorney's fees to be incurred, the statutory language "as justice and equity may require" authorizes an award of pro bono fees on public policy grounds. In *Brown,* the appeals court upheld the trial court's award of attorney's fees to the Commission even though lawyers represented it on a pro bono basis. *Id*. at 684. The court rejected Brown's argument that the Commission could only recover attorney's fees actually incurred, noting applicable disciplinary rules did not require "fees be contracted-for or incurred; the rules merely require that an award of attorney fees be reasonable."[36] *Id*. Moreover, contrary to the BOR defendants'

---

[36] The BOR defendants cite additional cases where the recovery of attorney's fees was allowed when the fees were not actually incurred, but like *Brown*, the statutes authorizing the recovery of fees did not require them to be incurred. *See Gluck v. Hadlock*, No. 02-09-00411-CV, 2011 WL 944439 at *5 (Tex. App.—Fort Worth March 17, 2011, no pet.) (mem. op.) (recovery of pro bono attorney's fees under section 92.109(a) of the property code); *AMX Enters., L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 520 (Tex. App.—Fort Worth 2009, no pet.)(in-house counsel's attorney's fees recoverable under chapter 38 of the civil practice and remedies code); *Beckstrom v. Gilmore*, 886 S.W.2d 845, 847 (Tex. App.—Eastland 1994, writ denied) (attorney representing himself pro se could

contentions, the phrase "as justice and equity may require" in section 27.009(a)(1) are additional limitations on the trial court's award of attorney's fees, requiring them to be equitable and just. *See Bocquet*, 972 S.W.2d at 20.

The BOR defendants also rely on federal cases permitting pro bono attorneys to recover fees under the Equal Access to Justice Act for public policy reasons even though the EAJA expressly authorizes a prevailing party to receive an award for attorney's fees "incurred."  We do not find the federal cases persuasive here, particularly in light of *Garcia* and *Aviles* defining "incurred" in a similar attorney's fees statute to mean fees that have been paid or for which one has become liable.  We must give effect to the language used by the legislature and it is not our place to substitute our view of public policy for that of the legislature.  *See Curry v. Harris Cnty. Appraisal Dist.*, 434 S.W.3d 815, 823 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

Finally, the BOR defendants direct us to the omission of the term "incurred" in the section permitting the trial court to award costs and reasonable attorney's fees to the party responding to the motion to dismiss if the court finds the dismissal motion is frivolous or solely intended to delay.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(b) ("If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.").  They argue it would be absurd to preclude a fee award to movants who are represented pro bono when there is no such restriction on respondents who are represented pro bono.

"The absurdity safety valve is reserved for truly exceptional cases and mere oddity does not equal absurdity." *Jaster v. Comet II Constr. Inc.*, 438 S.W.3d 556, 569 (Tex. 2014) (citing

recover fees under chapter 38 of the civil practice and remedies code); *Tuberquia v. Jamison & Harris*, No. A14-91-00055-CV, 1991 WL 260344 at *2 (Tex. App.—Houston [14th Dist.] Dec. 12, 1991, no writ) (not designated for publication) (attorney representing his law firm could recover fees under chapter 38 of the civil practice and remedies code).

*Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 630 (Tex. 2013)). The legislature has chosen to treat movants and respondents differently regarding the recovery of attorney's fees under the Act. For example, although an award of reasonable attorney's fees incurred is mandatory for a successful movant, a fee award to a successful respondent is completely discretionary and requires a finding the motion was frivolous or solely intended to delay. We therefore cannot conclude that requiring attorney's fees to be "incurred" for a mandatory award while omitting that requirement for a discretionary award is absurd.

Because the undisputed evidence before us establishes that their attorneys represented them pro bono, the BOR defendants did not incur any attorney's fees in defending against Cruz's lawsuit. Accordingly, they were not entitled an award for attorney's fees pursuant to the Act. Based on the record before us, we conclude the trial court erred in awarding attorney's fees to the BOR defendants.

### b. Van Sickle's Attorney's Fees award

The fee affidavit of Van Sickle's attorney filed with the trial court stated that her law firm was retained by Van Sickle to represent him in this matter. She also stated the fees and expenses her firm charged in connection with the representation of Van Sickle were reasonable and necessary. Attached to the affidavit were three invoices addressed to Van Sickle, each detailing the nature of the legal work performed, the time expended for the work, and the attorney performing the work. At the end of each invoice is a summary of the fees and disbursements, and a "balance now due" together with a remittance form for payment. The last invoice, dated January 31, 2013, combines the outstanding amounts of the two preceding invoices for a total "balance now due" of $32,317.65. Although there is no indication that Van Sickle paid these invoices, we conclude the record contains some evidence that Van Sickle was personally liable for the invoices and thus incurred the attorney's fees invoiced. The invoices were addressed to

him, contained a balance due, and a remittance form for payment. Accordingly, we reject Cruz's contention that there was no evidence Van Sickle incurred attorney's fees. *See Garcia*, 319 S.W.3d at 642–43.

### 2. Was the Attorney's Fees Award reasonable?[37]

Cruz concludes, without any discussion of the evidence before the trial court, that the attorney's fees awarded bore no relationship to what a lawyer would reasonably charge to defend such a case or what a reasonably sophisticated client would agree to pay. We have already concluded Van Sickle's attorney's fee affidavit substantially complied with section 18.001. The affidavit also supports the full amount of the trial court's award to Van Sickle. Because Cruz did not file a controverting affidavit, Van Sickle's affidavit was sufficient evidence to support the trial court's finding that the attorney's fees charged were reasonable and necessary. *See* TEX. R. CIV. P. 18.001(b); *Hong v. Bennett*, 209 S.W.3d 795, 800 (Tex. App.—Fort Worth 2006, no pet.).

### 3. Was the attorney's fees award just and equitable?[38]

To support his contention that justice and equity do not support the award of attorney's fees, Cruz returns to the merits of his underlying lawsuit which we have already concluded was properly dismissed. The language "as justice and equity may require" was added by a senate amendment to the house bill's version of section 29.009 to ensure a court could award attorney's fees that were less than what the attorney typically charges, if appropriate.[39] *See* House Research Org., Texas House of Representatives, Bill Analysis H.B. 2973 (May 2, 2011). Whether the

---

[37] Issues 91, 92, 111, and 113. In light of our conclusion that there was no evidence the BOR defendants incurred any attorney's fees, we need not address these or any remaining issues regarding their attorney's fees award, including those specifically challenging their award as unconscionable (Issues 114–16).

[38] Issues 91, 92, 100 through 110, and 112.

[39] We may consider legislative history when construing a statute whether or not the statute is ambiguous. *See* TEX. GOV'T CODE ANN. § 311.023(3) (West 2013).

–28–

amount of an attorney's fees award is equitable and just is left to the sound discretion of the trial court. *See Bocquet*, 972 S.W.2d at 21. There is nothing in the record before us to suggest that the trial court abused its discretion in awarding the amount of attorney's fees set forth in the uncontroverted affidavit filed by Van Sickle's attorney.

### 4. Attorney's Fees to Recover Attorney's Fees

Cruz asserts that section 27.009 only permits the trial court to award attorney's fees incurred up to the time of dismissal of the legal action.[40] He argues attorney' fees incurred post-dismissal, including those necessary to obtain an attorney's fees award under the Act, are not recoverable because they are not "defending against the legal action," as the statute requires. We do not read the statutory language so narrowly.

We are required to construe the Act liberally to effectuate its purpose and intent fully. TEX. CIV. PRAC. & REM. CODE ANN. § 27.011(b). The Act defines "legal action" as a lawsuit, cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief. *Id*. § 27.001(6). In the case before us, Van Sickle sought and received attorney's fees through January 31, 2013. A review of the billing statements attached to the affidavit reveals that after the December 10 dismissal order, Van Sickle incurred attorney's fees with respect to reviewing the dismissal order, Cruz's motion for new trial, and their request for attorney's fees under the Act. All of these fees were incurred in connection with Van Sickle's defense of Cruz's libel lawsuit against him. Accordingly, the trial court did not err in awarding attorney's fees incurred after December 10 dismissal order.

The sole legal authority Cruz provides to support his narrow construction of the Act's statutory language on attorney's fees is *Twin City Fire Insurance Co. v. Vega-Garcia*, 223 S.W.3d 762 (Tex. App.—Dallas 2007, pet. denied). *Vega-Garcia* involved attorney's fees

---

[40] Issues 117 and 118.

–29–

awarded in matters involving worker's compensation benefits. *See* TEX. LAB. CODE ANN. §§ 408.147, .221 (West 2006). We held that because the statutory scheme expressly limited recovery of attorney's fees to those incurred as a result of issues unsuccessfully raised by an insurance carrier in a suit for judicial review, claimant Vega-Garcia could not recover fees incurred in pursuit of fees when "the issue of attorney's fees was not an issue on which judicial review was sought [by the carrier] in district court." *Vega-Garcia*, 223 S.W.3d at 769. Because *Vega-Garcia* involved a different statute with specific limiting language that is not present in section 29.009(a)(1), Cruz's reliance on the case is misplaced.

## CONCLUSION

We resolve Cruz's issues 93–96 in his favor to the extent that we reverse that part of the trial court's judgment awarding attorney's fees to the BOR defendants. We render judgment that the BOR defendants take nothing on their request for attorney's fees. We resolve all remaining issues against Cruz and affirm the trial court's judgment in all other respects.

130191F.P05

/David Evans/
DAVID EVANS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BALTASAR D. CRUZ, Appellant

No. 05-13-00191-CV      V.

JAMES VAN SICKLE, KARL-THOMAS
MUSSELMAN d/b/a BURNT ORANGE
REPORT, and KATHERINE
HAENSCHEN, Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-12-09275
Opinion delivered by Justice Evans, Justices
Bridges and Lang participating.

      In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment granting appellees' motions to dismiss and the trial court's attorney's fees award to James Van Sickle.

      We **REVERSE THAT PART** of the trial court's judgment awarding attorney's fees to Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen and **RENDER** judgment that appellees Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen take nothing on their request for attorney's fees.

      It is **ORDERED** that appellee James Van Sickle recover his costs of this appeal and the full amount of the trial court's judgment from appellant Baltasar D. Cruz and from the cash deposit in lieu of supersedeas bond. After the judgment and all costs have been paid, the clerk of the 160th Judicial District Court is directed to release the balance, if any, of the cash deposit to Baltasar D. Cruz.

      It is **FURTHER ORDERED** that appellant Baltasar D. Cruz and appellees Karl-Thomas Musselman d/b/a Burnt Orange Report and Katherine Haenschen bear their own costs of appeal.

Judgment entered this 3rd day of December, 2014.

**TAB D**

| Vernon's Texas Statutes and Codes Annotated |
| --- |
| Civil Practice and Remedies Code (Refs & Annos) |
| Title 2. Trial, Judgment, and Appeal |
| Subtitle B. Trial Matters |
| Chapter 27. Actions Involving the Exercise of Certain Constitutional Rights (Refs & Annos) |

V.T.C.A., Civil Practice & Remedies Code § 27.009

§ 27.009. Damages and Costs

Effective: June 17, 2011

Currentness

(a) If the court orders dismissal of a legal action under this chapter, the court shall award to the moving party:

(1) court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require; and

(2) sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter.

(b) If the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party.

**Credits**

Added by Acts 2011, 82nd Leg., ch. 341 (H.B. 2973), § 2, eff. June 17, 2011.

Notes of Decisions (26)

V. T. C. A., Civil Practice & Remedies Code § 27.009, TX CIV PRAC & REM § 27.009
Current through Chapters effective immediately through Chapter 46 of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

WestlawNext® © 2015 Thomson Reuters. No claim to original U.S. Government Works. 1