**AFFIRM in Part, REVERSE in Part, and REMAND; Opinion Filed June 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00255-CV

**DRUCILLA BAIN, Appellant and Cross-Appellee**
**V.**
**CAPITAL SENIOR LIVING CORPORATION A/K/A CAPITAL**
**SENIOR LIVING CORPORATION OF DELAWARE D/B/A AZALEA**
**TRAILS ASSISTED LIVING & MEMORY CARE; CSL S TYLER, LLC A/K/A**
**AZALEA TRAILS ASSISTED LIVING & MEMORY CARE; FRED FRAZIER,**
**AND CAPITAL SENIOR MANAGEMENT S, INC., Appellees and Cross-Appellants**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-01332-B**

## MEMORANDUM OPINION
Before Justices Lang-Miers, Whitehill, and Schenck
Opinion by Justice Lang-Miers

A resident at an assisted living facility sustained injuries while being transported to a doctor's appointment in the facility's van driven by a facility employee. The resident filed negligence claims against the employee and the facility alleging that the employee failed to secure her to her wheelchair and applied the brakes too abruptly. Arguing that the resident's claims constitute health care liability claims because they stem from the employee's alleged misuse of the resident's wheelchair, the defendants moved to dismiss the resident's suit under the Texas Medical Liability Act for failure to file an expert report and sought recovery of their reasonable attorney's fees and costs of court. The trial court granted the motion to dismiss but denied the request for attorney's fees. The parties have appealed both of those rulings. We

remand the issue attorney's fees and costs and otherwise affirm the trial court's order granting the motion to dismiss.

## BACKGROUND

Appellant Drucilla Bain was an 88-year-old resident of Azalea Trails Assisted Living & Memory Care located in Tyler, Texas. According to Bain, Azalea Trails is owned and operated by appellees Capital Senior Living Corporation a/k/a Capital Senior Living Corporation of Delaware d/b/a Azalea Trails Assisted Living & Memory Care, CSL S Tyler, LLC a/k/a Azalea Trails Assisted Living and Memory Care, and Capital Senior Management S, Inc. (collectively, Azalea Trails). Appellee Fred Frazier was an Azalea Trails employee.

On August 12, 2012, Bain, who was wheelchair-bound as a result of a polio-related syndrome, had a routine appointment to see a doctor at a separate location unaffiliated with Azalea Trails. Azalea Trails transported Bain to the doctor. Frazier wheeled Bain into the van, secured the wheelchair to the van, but did not secure Bain to the wheelchair using the wheelchair's lap belt. According to Bain, on the way to the doctor's office, Frazier drove recklessly and applied the brakes with excessive force. Bain was thrown from her wheelchair onto the van floor. She sustained severe injuries including broken femurs, a broken nose, and a black eye. Bain's injuries required Bain to move from Azalea Trails to a nursing facility.

Bain sued appellees on March 3, 2013, alleging that Frazier was negligent and that Azalea Trails was negligent and also vicariously liable for Frazier's negligence. Bain amended her petition twice. In her second amended petition, which was her live pleading at the time of the hearing on appellees' motion to dismiss, Bain alleged that Frazier was negligent because he failed to properly secure Bain into her wheelchair and applied the brakes with excessive force causing Bain to fall from her wheelchair. Bain also alleged that Frazier violated the Texas Transportation Code by operating a vehicle "with heedless and reckless disregard of the safety of

–2–

others," and by operating a vehicle and "allowing [Bain] to not be secured by a safety belt." Finally, Bain alleged that Frazier violated federal regulations implementing the Americans with Disabilities Act by failing to secure Bain with a seatbelt and shoulder harness, and by failing to secure a disabled individual in her wheelchair.

With respect to Azalea Trails, Bain alleged that it was vicariously liable for Frazier's negligence under the doctrine of respondeat superior. Bain also alleged that Azalea Trails was negligent for "failing to provide proper care and services to [Bain] to keep her from harm," and for failing to properly train Frazier "as to the manner in which to restrain wheelchair bound individuals when transporting." Bain also alleged that Azalea Trails violated a federal regulation implementing the Americans with Disabilities Act by failing to ensure that its employees were "trained to proficiency, as appropriate to their duties, so that they operate vehicles and equipment safely and properly assist and treat individuals with disabilities who use the service in a respectful and courteous way, with appropriate attention to the difference among individuals with disabilities."

On September 25, 2013—206 days after Bain filed suit—appellees filed a motion to dismiss Bain's claims pursuant to the Texas Medical Liability Act, Chapter 74 of the Texas Civil Practices and Remedies Code. Primarily relying on this Court's decision in *Sherman v. HealthSouth Specialty Hospital Inc.*, 397 S.W.3d 869 (Tex. App.—Dallas 2013, pet. denied), appellees argued that Bain's claims constitute health care liability claims and that dismissal was mandatory because Bain did not timely file an expert report as required by section 74.351(a). In response, Bain argued that her claims are ordinary negligence claims, not health care liability claims. After a hearing the trial court signed an order granting appellees' motion to dismiss but denying their request for attorney's fees and costs.

–3–

Bain raises two issues on appeal. In her first issue Bain argues that the trial court erred when it granted appellees' motion to dismiss because Bain's claims center on Frazier's negligent driving and are not health care liability claims subject to the expert report requirements of Chapter 74. In her second issue Bain argues that appellees waived their right to seek dismissal under Chapter 74 because they failed to timely plead that Bain's claims were allegedly health care liability claims requiring the service of an expert report within 120 days.

**First Issue**

The central issue in this case is whether Bain's claims constitute health care liability claims under chapter 74. Chapter 74 defines a "health care liability claim" as:

> [A] cause of action against a health care provider[1] or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claim or cause of action sounds in tort or contract.

TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (West Supp. 2014). If Bain's claims constitute health care liability claims, then dismissal is mandatory because she did not file an expert report under chapter 74 within 120 days of filing her original petition.[2]

Whether a claim is a health care liability claim is a question of law we review de novo. *See Bioderm Skin Care, LLC v. Sok*, 426 S.W.3d 753, 757 (Tex. 2014). To answer this question we focus on the underlying nature of the cause of action and are not bound by the pleadings. *Id.*

---

[1] It is undisputed that Azalea Trails is a health care provider as defined in chapter 74. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 74.001(a)(11)(B), 74.001(a)(12)(A)(vii) (definition of "health care provider" includes "as assisted living facility licensed under Chapter 247, Health and Safety Code").

[2] The former version of section 74.351 of the Texas Civil Practice and Remedies Code, in effect at the time this suit was filed, provided that a health care liability claimant shall, "not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports." *See* Act of May 18, 2005, 79th Leg., R.S., ch. 635, § 1, 2005 Tex. Gen. Laws 1590, 1590 (amended 2013) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a) (West Supp. 2014)). If an expert report is not timely served, the affected health care provider may move to dismiss a claim asserted against it, and the court must dismiss the claim with prejudice. TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b).

at 758; *see also Tex. West Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 176 (Tex. 2012) ("In seeking to distinguish ordinary negligence claims from [health care liability claims], the heart of these cases lies in the nature of the acts or omissions causing claimants' injuries and whether the events are within the ambit of the legislated scope of the [Texas Medical Liability Act]."). We focus on the essence of the claim and consider the alleged wrongful conduct as well as the duties allegedly breached, rather than the injuries suffered. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005).

Azalea Trails argues that Bain's claims implicate the "safety" prong of section 74.001(a)(13). In *Ross v. St. Luke's Episcopal Hospital*, No. 13-0439, 2015 WL 2009744 (Tex. May 1, 2015), the Texas Supreme Court recently explained that a safety standards-based claim against a health care provider constitutes a health care liability claim under Chapter 74 if there is "a substantive nexus between the safety standards allegedly violated and the provision of health care." *Ross*, 2015 WL 2009744, at \*6. In other words, "[t]he pivotal issue in a safety standards-based claim is whether the standards on which the claim is based implicate the defendant's duties as a health care provider, including its duties to provide for patient safety." *Id.*

In this case Bain's claims implicate appellees' duties to provide for patient safety. The facts in this case are analogous to *Sherman*. In *Sherman* a clinic's patient was injured while riding in the clinic's van. The patient alleged that the clinic's employee failed to secure her and her wheelchair in its van before leaving the clinic. In that case we concluded that the claims were health care liability claims because the defendant undertook to transport the claimant home following her treatment and, in doing so, remained responsible for her safety as a patient. *Sherman*, 397 S.W.3d at 874. In this case Azalea Trails undertook to transport Bain to a medical appointment with a different health care provider, and, in doing so, remained responsible for her safety. As a result, our decision in *Sherman* controls here. *See Roe v. Ladymon*, 318 S.W.3d

502, 510 n.5 (Tex. App.—Dallas 2010, no pet.) (noting prior decisions of this Court are binding precedent).

In *Ross* the supreme court set forth a list of non-exclusive considerations to help courts determine whether there is a substantive nexus between the safety standards allegedly violated and the provision of health care:

1. Did the alleged negligence of the defendant occur in the course of the defendant's performing tasks with the purpose of protecting patients from harm;

2. Did the injuries occur in a place where patients might be during the time they were receiving care, so that the obligation of the provider to protect persons who require special, medical care was implicated;

3. At the time of the injury was the claimant in the process of seeking or receiving health care;

4. At the time of the injury was the claimant providing or assisting in providing health care;

5. Is the alleged negligence based on safety standards arising from professional duties owed by the health care provider;

6. If an instrumentality was involved in the defendant's alleged negligence, was it a type used in providing health care; or

7. Did the alleged negligence occur in the course of the defendant's taking action or failing to take action necessary to comply with safety-related requirements set for health care providers by governmental or accrediting agencies?

*Ross*, 2015 WL 2009744, at *6. Several of these considerations further support our conclusion that Bain's safety standards-based claim is a health care liability claim. For example, Frazier's alleged misuse of Bain's wheelchair lap belt occurred in the course of securing her wheelchair so that she could be safely transported, which was a task performed with the purpose of protecting residents from harm. And the instrumentality involved—Bain's wheelchair—is the type of instrumentality used in providing health care.

In addition to alleging that Azalea Trails is vicariously liable for Frazier's negligence, Bain also alleges that Azalea Trails failed to provide proper care for her to keep her from harm and failed to properly train its employee. These types of claims are health care liability claims under chapter 74 because they assert departures from accepted standards of health care (i.e., they implicate the "health care" prong of section 74.001(a)(13)). *See Marks v. St. Luke's Episcopal Hosp.*, 319 S.W.3d 658, 661–62 (Tex. 2010) (claims for failure to provide proper staff training and failure to provide a safe environment for patients assert departures from accepted standards of health care and are therefore health care liability claims).

We conclude that Bain's negligence claims against appellees are properly categorized as health care liability claims. *See Sherman*, 397 S.W.3d at 874; *See Marks*, 319 S.W.3d at 661–62. As a result, the trial court did not err when it dismissed Bain's claims for failure to file an expert report. We resolve Bain's first issue against her.

**Second Issue**

In the alternative, Bain argues that appellees forfeited their right to seek dismissal under section 74.351(b) because they waited until after the 120-day deadline had passed before asserting for the first time that Bain's claims are health care liability claims.

In general, to preserve a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context. TEX. R. APP. P. 33.1(a). Here, Bain did not present her complaint to the trial court. As a result, the trial court was not afforded the opportunity to consider her complaint before ruling on the motion. Because Bain failed to raise this complaint below, we do not address it on appeal. *See, e.g.*, *Griego v. Baptist Saint Anthony's Health Sys.*, No. 07-13-

00255-CV, 2015 WL 513149, at \*2 (Tex. App.—Amarillo Feb. 5, 2015, pet. filed) (mem. op.) (complaint that defendant "waived its right to present a section 74.351(b) motion to dismiss because it delayed the filing of that motion" not preserved for appellate review).

CROSS-APPEAL

Appellees raise one issue in their cross-appeal arguing that the trial court abused its discretion when it denied their request for attorney's fees and costs. Bain agrees that if we conclude (as we have) that her claims are health care liability claims subject to Chapter 74's expert report requirements, then appellees are entitled to an award of attorneys' fees. We agree with the parties.

Section 74.351(b) states that a trial court "shall" award reasonable attorney's fees and costs of court incurred by a health care provider when a health care liability claim is dismissed with prejudice and the defendant requests fees and costs. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b). Statutes providing that a court "shall" award attorney's fees are not discretionary. *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998); *Cruz v. Van Sickle*, 452 S.W.3d 503, 522 (Tex. App.—Dallas 2014, pet. filed). Here appellees requested attorney's fees and costs, and they presented some evidence at the hearing concerning their attorney's fees. As a result, the trial court was required to award reasonable fees and costs. We conclude that the trial court abused its discretion when it dismissed Bain's claims with prejudice but denied appellees' request for attorney's fees. *See, e.g.*, *Granbury Minor Emergency Clinic v. Thiel*, 296 S.W.3d 261, 274–75 (Tex. App.—Fort Worth 2009, no pet.). We resolve appellees' cross-appeal in their

favor and remand for consideration of their request for reasonable attorney's fees and costs of court.[3]

## CONCLUSION

We resolve Bain's issues against her and affirm the portion of the trial court's December 11, 2013, order dismissing Bain's claims with prejudice. We resolve appellees' cross-appeal in their favor, reverse the portion of the trial court's order denying appellees' request for reasonable attorney's fees and costs of court, and remand the issue of attorney's fees and costs of court to the trial court.


/Elizabeth Lang-Miers/
ELIZABETH LANG-MIERS
JUSTICE


140255F.P05

---

[3] Appellees ask us to either render an award of reasonable attorney's fees and costs or remand the issue to the trial court. Although the award of reasonable attorney's fees and costs of court is mandated by statute, the trial court still has discretion to determine the amount in light of the evidence presented. *Cf. Brent v. Field*, 275 S.W.3d 611, 622 (Tex. App.—Amarillo 2008, no pet.) ("A Court possesses discretion to determine the amount of attorney's fees, but it lacks discretion to deny attorney's fees if they are proper under section 38.001."). In this case the invoices submitted to the trial court for in camera inspection during the hearing are not in our appellate record. We also note that appellees does not cite to a case in which an appellate court rendered an award of attorneys' fees under the circumstances presented in this case.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DRUCILLA BAIN, Appellant and Cross-Appellee

No. 05-14-00255-CV          V.

CAPITAL SENIOR LIVING
CORPORATION A/K/A CAPITAL
SENIOR LIVING CORPORATION OF
DELAWARE D/B/A AZALEA TRAILS
ASSISTED LIVING & MEMORY CARE;
CSL S TYLER, LLC A/K/A AZALEA
TRAILS ASSISTED LIVING & MEMORY
CARE; FRED FRAZIER, AND CAPITAL
SENIOR MANAGEMENT S, INC.,
Appellees and Cross-Appellants

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-13-01332-B.
Opinion delivered by Justice Lang-Miers.
Justices Whitehill and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's order dated December 11, 2013 is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's order denying appellees' request for attorney's fees and costs of court. In all other respects, the trial court's order is **AFFIRMED**. We **REMAND** the issue of attorney's fees and costs of court to the trial court.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 30th day of June, 2015.