**Affirmed and Memorandum Opinion filed August 30, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00942-CV

## ALOYSIUS DUY-HUNG HOANG AKA HOANG DUY HUNG, Appellant

### V.

## THINH DAT NGUYEN, INDIVIDUALLY, THOI BAO HOUSTON AND THOI BAO, Appellees

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2014-59665**

## M E M O R A N D U M    O P I N I O N

This appeal arises from the trial court's order granting a motion to dismiss filed pursuant to the Texas Citizens Participation Act ("TCPA"[1]). Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011 (West 2015). The TCPA protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to

---

[1] The TCPA is commonly referred to as an "anti-SLAPP" law – "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation."

intimidate or silence them. *Fawcett v. Grosu*, No. 14-15-00542-CV, 2016 WL 3635765, at \*1 (Tex. App.—Houston [14th Dist.] Apr. 5, 2016, no pet.). That protection consists of expedited consideration of a motion to dismiss a legal action that is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. Code Ann. § 27.003. The trial court is directed to dismiss such a suit unless the plaintiff "establishes by clear and specific evidence a prima facie case for each essential element of the claim." *Id*. § 27.005(b) and (c).

## I.     BACKGROUND

On October 13, 2014, appellant Al Hoang filed suit against Thinh Dat Nguyen, Thoi Bao Houston and Thoi Bao ("appellees"), for libel and "hate crime."[2] In his petition, appellant made the allegations set forth below.

In 2010, appellant, then a Houston City Councilmember, had dinner at the home of Nguyen, the editor of Thoi Bao Houston, a subsidiary of Thoi Bao Magazine, a Vietnamese language weekly publication. Appellant disclosed he was invited to accompany the Houston Airport System Director to Vietnam and was considering the pros and cons of the trip. According to appellant, Nguyen became upset and ordered him not to go, threatening to mobilize his newspaper to "destroy" appellant. That night, someone sent an e-mail to Vietnamese groups alleging appellant was going to Vietnam to "bow down" to Ho Chi Minh and the Vietnamese Communists.

In 2012, the Vice Minister of Vietnam visited Houston and appellant welcomed the delegation. Three protests were organized in front of appellant's

---

[2] Because there is no civil cause of action in Texas for "hate crime," we will focus on libel as appellant's sole cause of action.

2

home and a bomb was placed there. In early 2013, appellant toured Asian countries, including Vietnam, "to enhance the business relationship of those countries with Houston and the Port of Houston." Later that year, appellant lost his bid for re-election to the City Council.

In 2014, appellant won the Republican primary for State Representative District 149. Nguyen continued to label appellant a Vietnamese Communist. In October of that year, Nguyen reported that appellant's father committed suicide in 2007 because appellant was a Communist.[3] Nguyen also stated that appellant made the bomb with which he was threatened in 2012 to gain attention.

From 2010 to the time suit was filed in October 2014, articles published in Thoi Bao called appellant "a Vietnamese Communist, an agent of Vietnamese Communist, or a spy of the Vietnamese Communist [sic]." These articles were also disseminated to Vietnamese groups and over the internet.

Appellant repeatedly asked Nguyen to cease, offered to participate in a public interview or forum, and informed Nguyen that under FCC rules he is required to provide appellant equal space to correct the facts. Nguyen never responded. Appellant filed an affidavit averring the statements of facts in his petition were true and within his personal knowledge. Appellant further swore the false statements were factors leading to his failed re-election bid in 2013 and "it could be the same for 2014 election."

Appellees moved to dismiss pursuant to the TCPA. An affidavit from Nguyen was filed in which he denied appellant's allegation that he ordered appellant not to go to Vietnam and threatened to mobilize Thoi Bao to destroy appellant or take his council seat. Further, Nguyen swore he has not spoken to

---

[3] According to appellant, his father was killed in a pedestrian-automobile collision.

3

appellant since prior to appellant's trip to Vietnam, appellant has never challenged him to a debate, nor has appellant ever requested a correction, clarification, or retraction from him or Thoi Bao Houston.

Following a hearing, the trial court granted appellees' motion. From that order, appellant brings this appeal.

## II.  ANALYSIS

To dismiss a claim under the TCPA, the movant must show by a preponderance of the evidence that the claim is based on, relates to, or is in response to the movant's exercise of the right of free speech, the right to petition, or the right of association. *Id*. § 27.005(b). If this initial showing is made, the burden then shifts to the non-movant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. *Id*. § 27.005(c). "Clear and specific evidence" requires a plaintiff to provide enough detail to show the factual basis for his claim. *In re Lipsky*, 460 S.W. 3d 579, 591 (Tex. 2015) (orig. proceeding). "Prima facie evidence" is that "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* at 590 (quotations and citations omitted). A prima facie case of defamation may be established through circumstantial evidence. *Id.* at 591.

Dismissal of the claim is mandatory if the non-movant fails to satisfy this burden. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(b). In determining whether the non-movant has met his burden, courts consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a). In our review of the trial court's determination, we apply a de novo standard. *Deaver v. Desai*, 483 S.W. 3d 668, 672 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

4

In this case, appellant does not dispute that his pleadings implicated the TCPA or that he was a public official.[4] Appellant does not contest the initial showing was made and that it was then his burden under the TCPA to establish a prima facie case for each essential element of his libel claim. Rather, appellant argues he satisfied his burden.

Defamation occurs when a false statement about a plaintiff is published to a third person without legal excuse, causing damages to the plaintiff's reputation. *Pisharodi v. Barrash*, 116 S.W.3d 858, 861 (Tex. App.—Corpus Christi 2003, pet. denied). Libel is defamation in written or other graphic form that tends to injure a person's reputation, exposing the person to public hatred, contempt, or ridicule. *See* Tex. Civ. Prac. & Rem.Code Ann. § 73.001 (Vernon 2003); *Doe v. Mobile Video Tapes, Inc.,* 43 S.W.3d 40, 48 (Tex. App.—Corpus Christi 2001, no pet.). To recover for libel, the plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with actual malice, if the plaintiff was a public official, regarding the truth of the statement. *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). In his first issue on appeal, appellant contends he established a prima facie case. Assuming, without deciding, that appellees published statements that were defamatory concerning appellant, a public official, we address the requisite element of actual malice regarding the truth of the statements.

"Actual malice in this context does not mean bad motive or ill will but rather knowledge of, or reckless disregard for, the falsity of a statement." *Greer v. Abraham*, 489 S.W.3d 440, 443 (Tex. 2016). To establish reckless disregard, appellant must establish that appellees entertained serious doubts as to the truth of

---

[4] The right of free speech is defined as a "communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code § 27.001(3). A "matter of public concern" includes an issue related to a public official. *Id.* § 27.001(7)(d).

the publication. *See Hotze v. Miller*, 361 S.W. 3d 707, 713 (Tex. App.—Tyler 2012, pet. denied).

In his brief, appellant points to the following facts as evidence of actual malice:

- He asked Nguyen for a public debate;

- He asked Nguyen to stop making offensive statements against Hoang and offered to participate in a public interview;

- He told Nguyen that he was entitled to equal space to correct the facts under FCC rules but Nguyen ignored him; and

- He notified the owner of Thoi Bao by e-mail and phone messages to take appropriate steps but his communications were not returned.

Appellant cites no authority in his brief in support of his contention that facts such as these constitute evidence of actual malice.[5] To the contrary, in *Hearst Corp. v. Skeen*, 159 S.W. 3d 633, 639 (Tex. 2005), the Supreme Court of Texas concluded the fact that the public-official plaintiff informed the defendant that he denied the paper's allegations and wanted the opportunity to correct the record was not evidence of actual malice. "The mere fact that a defamation defendant knows that a public official has denied harmful allegations or offered an alternative explanation of events is not evidence that the defendant doubted the allegations." *Hotze*, 361 S.W.3d at 718 (citing *Skeen*, 159 S.W.3d at 639).

---

[5] The appellate rules require a brief to contain a clear and concise argument for the contentions made with appropriate citations to authorities. *See* Tex. R. App. P. 38.1(i). "Appellant has the burden to present and discuss his assertions of error in compliance with the appellate briefing rules. We have no duty, or even right, to perform an independent review of the record and applicable law to determine whether there was error." *Cruz v. Van Sickle*, 452 S.W.3d 503, 511 (Tex. App.—Dallas 2014, pet. struck).

As noted above, appellant was required to present "clear and specific" evidence that appellees published the statements knowing they were false or with reckless disregard for their truth. *Hearst Corp.*, 159 S.W. 3d at 637. Appellant presented no such evidence.

Because appellant has not provided clear and specific evidence that the statements of which he complains were published with actual malice, he did not meet his burden under section 27.005(c) of establishing a prima facie case of libel.[6] We overrule appellant's first issue.

### III.   CONCLUSION

We conclude appellant failed to establish an essential element of a prima facie case for libel, namely that appellees acted with actual malice. Accordingly, the trial court did not err in granting appellees' motion to dismiss pursuant to the TCPA. We affirm the trial court's order.

/s/     John Donovan
        Justice

Panel consists of Justices Jamison, Donovan, and Brown.

---

[6] Our conclusion makes it unnecessary to address appellants remaining arguments.