**REVERSE and REMAND; and Opinion Filed December 20, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00229-CV

**BREAKAWAY PRACTICE, LLC, Appellant**
**V.**
**ROBERT LOWTHER, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-15706**

# MEMORANDUM OPINION

Before Justices Bridges, Boatright, and Richter[1]
Opinion by Justice Richter

Breakaway Practice, LLC filed a Rule 202 petition seeking to take a pre-suit deposition of appellee Robert Lowther to investigate potential claims related to derogatory statements Lowther made about Breakaway on Facebook. The trial court dismissed Breakaway's petition pursuant to the Texas Citizen's Protection Act (TCPA). Breakaway appeals the trial court's order. Because we conclude Breakaway established a prima facie case for the relief requested in its Rule 202 petition, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

---

[1] The Honorable Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas at Dallas, Retired, sitting by assignment.

## BACKGROUND

Breakaway provides strategic consultation services to dental practices. Under its "Affiliate Program," Breakaway contracts with participating dental practices, or "Affiliates," to provide its services in exchange for a percentage of the Affiliates' gross revenue. Lowther is the President of the Denali Group, Inc., a competitor of Breakaway. In October 2017, Lowther joined a private Facebook group for Breakaway Affiliates and posted derogatory statements about Breakaway's business practices. According to Breakaway, the statements were false and, in the weeks that followed, multiple Affiliates terminated or sought to terminate their contracts with Breakaway.

Breakaway filed a verified Rule 202 petition seeking to depose Lowther to investigate potential claims arising out of Lowther's statements. Breakaway intended to elicit testimony from Lowther about, among other things, whether Lowther made the statements with knowledge of their falsity and whether he made similar statements in other forums. Breakaway asserted it was specifically seeking to investigate potential claims for tortious interference with contract, business disparagement, and libel.

Lowther filed a motion to dismiss under the TCPA, commonly known as the Anti-Slapp Act. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2015). Lowther asserted Breakaway's petition was filed in response to the exercise of his right to free speech and of association. Thus, he asserted the burden shifted to Breakaway to establish by clear and specific evidence a prima facie case for each element of the potential claims it was seeking to investigate. Lowther further asserted Breakaway could not do so. For example, Lowther argued that Breakaway had no evidence of an intentional act of interference, which would be required to support a claim for tortious interference with contract. Lowther also argued Breakaway had no

evidence he made the statements with the degree of fault required to support claims for libel or business disparagement.

In its response, Breakaway disputed its Rule 202 petition was based on, related to, or was in response to Lowther's communications. But regardless, Breakaway asserted it met its burden to defeat Lowther's motion by presenting a prima facie case for its Rule 202 petition; specifically, that the likely benefit of the requested deposition outweighed the burden or expense of the procedure. The trial court granted the motion and dismissed Breakaway's petition. This appeal followed.

## APPLICABLE LAW

### 1. The Texas Citizen's Protection Act

The TCPA protects citizens from retaliatory legal actions that seek to silence or intimidate them on matters of public concern. *In re Lipsky*, 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding); TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011. The Act provides a special procedure for the expedited dismissal of such suits. *In re Lipsky*, 460 S.W.3d at 586. The defendant-movant has the initial burden to show by a preponderance of the evidence that the action is based on, relates to, or is in response to the party's exercise of the right of free speech, to petition, or of association. TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003, 27.005(b); *In re Lipsky*, 460 S.W.3d at 586. If the movant satisfies this burden, then the burden shifts to the plaintiff to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c); *In re Lipsky*, 460 S.W.3d at 587. The Texas Supreme Court had explained that the phrase "clear and specific evidence" as used in the TCPA requires a plaintiff to "provide enough detail to show the factual basis for its claim." *In re Lipsky*, 460 S.W.3d at 590–91.

Section 27.006 of the TCPA, entitled "Evidence," provides that, "[i]n determining whether a legal action should be dismissed . . . the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006. Under this provision, pleadings are to be considered as evidence, regardless of whether they are offered as such. *See Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (under TCPA, trial court obliged to consider pleadings irrespective of whether formally offered as evidence); *Martin v. Bravenec*, 04-14-00483-CV, 2015 WL 2255139, at *7 (Tex. App.—San Antonio May 13, 2015, pet. denied) (noting section 27.006(a) is exception to general rule that pleadings are not evidence); *see also Walker v. Hartman*, 516 S.W.3d 71, 79 (Tex. App.— Beaumont 2017, pet. denied) (pleadings are considered "as evidence" under TCPA).

## 2. Texas Rule of Civil Procedure 202

Under Rule 202 of the Texas Rules of Civil Procedure, a person may petition the court for an order authorizing the taking of a deposition to investigate a potential claim or suit. TEX. R. CIV. P. 202.1(b). The trial court must order the deposition if "the likely benefit of allowing the petitioner to take the requested deposition to investigate a potential claim outweighs the burden or expense of the procedure." TEX. R. CIV. P. 202.4(a)(2).

## ANALYSES

On appeal, Breakaway does not dispute Lowther met his initial burden under the TCPA or, therefore, that the burden shifted to it to establish a prima facie case for each element of the "claim in question."[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c). It asserts it met that burden

---

[2] In the trial court, Breakaway argued the TCPA did not apply to Rule 202 petitions because they are not "legal actions" under the Act. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(6) ("'Legal action' means a lawsuit cause of action, petition, complaint, cross-claim, or counterclaim or any other judicial pleading or filing that requests legal or equitable relief."). By granting Lowther's motion, the trial court necessarily concluded a Rule 202 petition is a legal action under the TCPA. This Court has yet to determine that issue. *See, e.g., Glassdoor, Inc. v. Andra Group, LP*, 05-16-00189-CV, 2017 WL 1149668, at *10 (Tex. App.—Dallas Mar. 24, 2017, pet. granted) ("we specifically do not decide whether a Rule 202 petition is a "legal action" for Chapter 27 purposes because, even if it were, appellants have failed to meet their burden [to show the trial court erred in denying their motion to dismiss]."). Nevertheless, Breakaway does not challenge the trial court's order on that basis. Thus, for purposes of this

–4–

by establishing a prima facie case for the elements of a Rule 202 petition. Lowther responds Breakaway must show it established a prima facie case for each element of the potential claims it was seeking to investigate. We have previously rejected Lowther's position.

In *Glassdoor, Inc. v. Andra Group,* we held that to defeat a motion to dismiss directed to a Rule 202 petition, the nonmovant is only required to establish a prima facie case for the relief requested in the Rule 202 petition, not any claims it is seeking to investigate. *Glassdoor, Inc. v. Andra Group, L.P*., 05-16-00189-CV, 2017 WL 1149668, at \*10 (Tex. App.—Dallas Mar. 24, 2017, pet. granted); *see also DeAngelis v. Protective Parents Coal*., 556 S.W.3d 836, 854 (Tex. App.—Fort Worth 2018, no pet.) (because Rule 202 allows a person to take a deposition to determine whether a claim exists, "there is no way that the TCPA can be reasonably construed to require a petitioner to establish clear and specific evidence of a prima facie case for the potential cause of action."). We further held the only "element" a Rule 202 petitioner must show is that "the likely benefit of allowing the discovery outweighed the burden or expense of the procedure." *Glassdoor, Inc.*, 2017 WL 1149668, at \*10. Thus, to defeat a motion to dismiss directed to a Rule 202 petition, the nonmovant need only produce clear and specific evidence as to that "element." *Id*. We concluded the nonmovant in that case met its burden by presenting clear and specific evidence of potentially actionable statements that were not time barred. *See id*. at \*10. We reach a similar conclusion here.

To show it established a prima facie case, Breakaway relies on its verified Rule 202 petition and Lowther's attached Facebook post. *See Fawcett v. Grosu*, 498 S.W.3d 650, 660 (Tex. App.— Houston [14th Dist.] 2016, pet. denied) (nonmovant may rely on pleadings and attachments to

---

opinion, we presume the TCPA applies. *See Dallas County v. Crestview Corners Car Wash*, 370 S.W.3d 25, 43 (Tex. App.—Dallas 2012, pet. denied) (court may not consider unassigned error).

establish prima facie case).    The petition and the attachment provided details establishing the factual basis for the claims Breakaway was seeking to investigate and also the reasons it sought the requested deposition.   Specifically, Breakaway's petition, which was verified by its President, stated that Lowther's statements were false and that, in the weeks following the post, multiple Affiliates terminated or tried to terminate their contracts with Breakaway.[3]  Breakaway's petition identified the testimony it intended to elicit from Lowther, including whether Lowther made the statements with knowledge of their falsity or with reckless disregard, the basis for his statements, and the identity and participation of any other persons involved with the statements.  Of note, the testimony Breakaway was seeking to elicit related to the very elements that Lowther's motion to dismiss asserted Breakaway needed, but lacked, to survive a TCPA motion to dismiss.  In effect, Lowther acknowledged Breakaway's need for the deposition.  *See In re Lipsky*, 460 S.W.3d at 591-92 (TCPA requires a plaintiff to initially provide more "information" about an underlying claim than usually required).  Finally, we note that Lowther did not claim the burden or expense of the procedure would be any greater than ordinarily expected.[4]  We conclude Breakaway met its burden to establish a prima facie case for its Rule 202 petition.  Therefore, the trial court erred in dismissing the petition.[5]  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c).

Breakaway also asserts it is entitled to the attorney's fees it incurred in responding to Lowther's motion.  Under section 27.009(b), if the court finds a motion to dismiss filed under the TCPA "is frivolous or solely intended to delay, the court may award court costs and reasonable attorney's fees to the responding party."  TEX. CIV. PRAC. & REM. CODE ANN. § 27.009(b).  An

---

[3] Lowther submitted an affidavit in support of his motion to dismiss admitting making the statements.

[4] In that regard, we also note that, if a trial court ultimately grants a Rule 202 deposition, it can place limitations to reduce the burden and expense of the procedure.  *See* TEX. R. CIV. P. 202.4(b) (order allowing pre-suit deposition "must contain any protections the court finds necessary or appropriate to protect the witness or any person who may be affected by the procedure.").

[5] Breakaway also asserts the trial court erred in dismissing its petition because it established the commercial-speech exemption applied to Lowther's statements.  *See* TEX. CIV. PRAC. & REM. CODE § 27.010(b); *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 686 (Tex. 2018) (TCPA's expedited-dismissal procedure does not apply to some forms of commercial speech).  Because Breakaway established a prima facie case for its Rule 202 "claim," we need not determine whether it also established an exception to the Act.

attorney's fees award under section 27.009(b) is entirely discretionary and requires the trial court to find the motion was frivolous or solely intended to delay. *See Cruz v. Van Sickle*, 452 S.W.3d 503, 525 (Tex. App.—Dallas 2014, pet. struck).

Here, the trial court did not, of course, find Lowther's motion was frivolous or solely intended to delay. To the contrary, the trial court granted the motion. The fact we have concluded the trial court erred in doing so does not establish Lowther's motion was frivolous or intended solely to delay. Moreover, according to Breakaway, Lowther's motion to dismiss was frivolous and brought for delay because it was based on an incorrect premise, *i.e.*, that Breakaway was required to establish a prima facie case for each element of its potential claims. In other words, Breakaway's complaint concerns Lowther's arguments about *Breakaway's* burden to avoid dismissal under the TCPA. Breakaway does not dispute that Lowther met *his* burden under the Act. Thus, Breakaway's complaint does not show the motion was frivolous or brought for delay.

We reverse the trial court's order dismissing Breakaway's Rule 202 petition and its award of attorney's fees to Lowther. We remand to the trial court for further proceedings consistent with this opinion.

/Martin Richter/
————————————————
MARTIN RICHTER
JUSTICE, ASSIGNED

180229F.P05

–7–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

BREAKAWAY PRACTICE, LLC, Appellant

No. 05-18-00229-CV  V.

ROBERT LOWTHER, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-17-15706.
Opinion delivered by Justice Richter. Justices Bridges and Boatright participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant BREAKAWAY PRACTICE, LLC recover its costs of this appeal from appellee ROBERT LOWTHER.

Judgment entered this 20th day of December, 2018.